J-S27029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALAN WILLIAMS | |
| Appellant | No. 1841 EDA 2014 |

Appeal from the PCRA Order dated May 28, 2014
In the Court of Common Pleas of Bucks County
Criminal Division at No: CP-09-CR-0000499-2010

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 20, 2015**

Appellant Alan Williams appeals from the order of the Court of Common Pleas of Bucks County, which denied his request for collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  For the reasons set forth below, we affirm.

The PCRA court summarized the facts and procedural history of this case as follows.

> On July 12, 2010, [Appellant] was found guilty of [r]ape by [f]orcible [c]ompulsion, [r]ape by [t]hreat of [f]orcible [c]ompulsion, [c]riminal [a]ttempt – IDSI by [f]orcible [c]ompulsion, [s]exual [a]ssault, [i]ndecent [a]ssault by [t]hreat of [f]orcible [c]ompulsion, [t]erroristic [t]hreats with [i]ntent to [t]errorize [a]nother, and [f]alse [i]mprisonment.  [Appellant] was then found to be a [s]exually [v]iolent [p]redator ("SVP"), and was sentenced on March 2, 2011 to serve sixteen (16) to

---

[*] Former Justice specially assigned to the Superior Court.

forty (40) years in a state correctional institution followed by a period of probation of not less than 5 years.

Appellant, through counsel, subsequently filed a direct appeal to the Superior Court of Pennsylvania. The Superior Court affirmed the trial court's decision on December 9, 2011. [Appellant] then filed a timely *pro se* [PRCA p]etition . . . on January 7, 2013, and counsel filed an [a]mended PCRA petition on September 16, 2013. Following an evidentiary hearing held September 23, 2013, November 14, 2013, and March 27, 2014, . . . [Appellant's] amended petition for relief under the PCRA was denied on May 28, 2014 and [Appellant] subsequently filed a timely notice of appeal with the Superior Court[.]

PCRA Court Opinion, 9/4/14, at 1-2. Appellant filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, arguing only that the "[t]rial counsel was ineffective when he failed to adequately consult with and review specific discovery materials (CDs containing multiple recorded phone calls) with [Appellant] prior to trial." Rule 1925(b) Statement, 7/21/14. In response, the PCRA court issued a Pa.R.A.P. 1925(a) opinion, wherein it concluded Appellant's ineffectiveness claim was without merit. Specifically, the PCRA determined Appellant failed to meet the **Pierce**[1] test to the extent Appellant failed to establish his trial counsel's actions did not have a reasonable strategic basis or that Appellant suffered actual prejudice because of the trial counsel's actions.

On appeal,[2] Appellant repeats the same argument that he raised in his Rule 1925(b) statement. After careful review of the parties' briefs, the

---

[1] **Commonwealth v. Pierce**, 527 A.2d 973, 975 (Pa. 1987).

[2] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'"
*(Footnote Continued Next Page)*

- 2 -

record on appeal, and the relevant case law, we conclude that the PCRA court's Rule 1925(a) opinion authored by President Judge Jeffrey L. Finley, thoroughly and adequately disposes of Appellant's issue on appeal.[3]  **See** PCRA Court Opinion, 9/4/14, at 2-10.  We, therefore, affirm the PCRA court's order denying Appellant's PCRA petition.  We direct that a copy of the PCRA court's September 4, 2014 opinion be attached to any future filings in this case.

     Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/20/2015


(*Footnote Continued*) _____

***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014) (quoting ***Commonwealth v. Rainey***, 928 A.2d 215, 223 (Pa. 2007)).

[3] We observe Appellant's brief is bereft of any discussion or argument with respect to the arguable merit prong of the ***Pierce*** test.  As we recently emphasized, "[a] petitioner must prove all three factors of the ***Pierce*** test, or the [ineffectiveness] claim fails.  In addition, on appeal, a petitioner ***must adequately discuss all three factors*** of the ***Pierce*** test, or the appellate court will reject the claim." ***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*) (emphasis added) (citing ***Fears***, 86 A.3d at 804)).  Despite Appellant's failure to discuss the arguable merit prong on appeal, we need not address whether his ineffectiveness claim is waived because, as stated, the PCRA court adequately disposed of the claim in its Rule 1925(a) opinion.

**IN THE COURT OF COMMON PLEAS OF
BUCKS COUNTY, PENNSYLVANIA
CRIMINAL DIVISION**



| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : |
| | : |
| | : |
| | :    **No. CR-0000499-2010** |
| **v.** | : |
| | :    **(1841 EDA 2014)** |
| | : |
| **ALAN CRAIG WILLIAMS** | : |

---

### OPINION

Alan Williams ("Petitioner") has appealed the denial of his petition for relief pursuant to the Post Conviction Relief Act ("PCRA").

### Procedural and Factual History

On July 12, 2010, the Petitioner was found guilty of Rape by Forcible Compulsion[1], Rape by Threat of Forcible Compulsion[2], Criminal Attempt – IDSI by Forcible Compulsion[3], Sexual Assault[4], Indecent Assault by Threat of Forcible Compulsion[5], Terroristic Threats with Intent to Terrorize Another[6], and False Imprisonment[7]. Petitioner was then found to be a Sexually Violent Predator ("SVP"),



---

[1] 18 Pa.C.S.A. § 3121 (a)(1).
[2] 18 Pa.C.S.A. § 3121(a)(2).
[3] 18 Pa.C.S.A. § 901(a).
[4] 18 Pa.C.S.A. § 3124.1
[5] 18 Pa.C.S.A. § 3126(a)(1).
[6] 18 Pa.C.S.A. § 2706(a)(1).
[7] 18 Pa.C.S.A. §2903(a).

and was sentenced on March 2, 2011 to serve sixteen (16) to forty (40) years in a state correctional institution followed by a period of probation of not less than 5 years.

Petitioner, through counsel, subsequently filed a direct appeal to the Superior Court of Pennsylvania. The Superior Court affirmed the trial court's decision on December 9, 2011. Petitioner then filed a timely *pro se* Petition for Post-Conviction Collateral Relief ("PCRA Petition") on January 7, 2013, and counsel filed an Amended PCRA petition on September 16, 2013. Following an evidentiary hearing held September 23, 2013, November 14, 2013, and March 27, 2014, Petitioner filed a brief in support of his Amended Petition for Post Conviction Relief. Petitioner's amended petition for relief under the PCRA was denied on May 28, 2014 and Petitioner subsequently filed a timely notice of appeal with the Superior Court of Pennsylvania on June 25, 2014.

## Statement of Matters Complained of on Appeal

Pursuant to Pa.R.A.P. 1925(b), Petitioner filed his Concise Statement of Matters Complained of on Appeal on July 21, 2014. Petitioner's statement is set forth verbatim herein:

1. Trial Counsel was ineffective when he failed to adequately consult with and review specific discovery materials (CDs containing multiple recorded phone calls) with Petitioner prior to trial.

## Discussion

Pursuant to *Commonwealth ex rel. Dadario v. Goldberg,* 773 A.2d 126 (Pa. 2001), claims of ineffective assistance of counsel are cognizable under §9543(a)(2)(ii) of the PCRA. In considering an ineffectiveness claim, a court is guided by the three-

2

pronged standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984) and adopted by the Pennsylvania Supreme Court in *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987). Pursuant to *Strickland*, a defendant must establish that: 1) the underlying claim is of arguable merit; 2) counsel's challenged acts or omissions did not have a reasonable strategic or tactical basis; and, 3) the defendant suffered actual prejudice as a result of counsel's conduct. *Strickland*, 466 U.S. at 687.

The law presumes that counsel was effective, and therefore the burden of proving otherwise rests squarely upon defendant. *See Commonwealth v. Baez*, 720 A.2d 711, 733 (Pa. 1998), *cert. denied* 120 S. Ct. 78 (U.S. 1999); *see also Commonwealth v. Baker*, 614 A.2d 663 (Pa. 1992). "Judicial scrutiny of trial counsel's performance must be highly deferential and evaluated under the totality of the representation." *Strickland, supra*. at 689.

"A claim has arguable merit where the factual averments, if accurate, could establish cause for relief." *Commonwealth v. Stewart*, 84 A.3d 701, 707 (2013) (citation omitted). "Whether the facts rise to the level of arguable merit is a legal determination." *Id.*

When determining whether counsel had a reasonable basis for its actions or inaction, the courts do not question whether another more logical course of action could have been pursued. *Commonwealth v. Paddy*, 15 A.3d 431, 442 (Pa. 2011). Instead, "[t]he test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, in the alternative, not chosen, offered a significantly greater chance of success."

3

*Stewart,* 84 A.3d at 707 (2013). "Courts do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken." *Id.*

As to the third prong under *Strickland,* "[p]rejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Stewart, supra.* at 707. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

During discovery, the Office of the Bucks County District Attorney provided Petitioner's trial counsel, William Craig Penglase ("trial counsel"), with several CDs containing audio files of recorded prison phone conversations made by Petitioner prior to his trial. Trial counsel attempted to play these CDs on a pink "Barbie" CD player provided by the Bucks County Correctional Facility during a visit with Petitioner. *N.T. 11/14/13,* p. 56. However, the phone conversations were stored on computer disks, and not on standard audio disks, and the CD player was not equipped to play them. *11/14/13,* p. 56-57. The correctional facility did not have the capability of putting trial counsel and Petitioner together in a room with a computer. *N.T. 11/14/13,* p. 56. As such, trial counsel requested in writing and in person to bring his own computer to the prison in order to listen to the CDs with Petitioner, but both requests were ultimately denied by the prison warden. *N.T. 3/27/14,* p. 3-4.

Trial counsel considered seeking a court order to allow Petitioner to listen to the CDs in a different environment, such as at the courthouse, but ultimately decided not to. *N.T. 3/27/14,* p. 14-15. As trial counsel explained during the PCRA hearing,

4

Based on the type of defense that we were using, the prison calls were not, frankly, at the top of my list in the line of importance. While prison calls are something that I never like to hear, as a defense attorney, in a courtroom, they weren't, frankly, all that important in the light of the case. So we focused on the limited time that we had on other things.

*N.T. 3/27/14,* p. 15.

As a result, Petitioner did not listen to any of the phone conversations prior to trial. *N.T. 3/27/14,* p. 10. Instead, as trial counsel explained, "What I ended up doing was listening to the calls myself and doing my best to explain them to my client." *N.T. 3/27/14,* p. 4. Since, according to trial counsel's testimony, the vast majority of prison phone conversations have no relevance to a case, he listened "...for those calls which the Commonwealth may wish to use to incriminate a client or otherwise damage (his) case." *N.T. 3/27/14,* p. 5. It was not until during trial when the Commonwealth played several phone conversations to the jury that Petitioner first listened to them. *N.T. 3/27/14,* p. 14. However, according to Petitioner's testimony, trial counsel informed him of what the Commonwealth was attempting to prove through the phone conversations during a preliminary hearing shortly before trial. *N.T. 9/23/13,* p. 30-31.

The prison phone conversations played to the jury during trial did not involve Petitioner or any other person discussing the events of the night that the alleged crime took place. *N.T. 3/27/14,* p.16. Nevertheless, Petitioner contends that trial counsel was ineffective because he failed to adequately review the recorded phone conversations with Petitioner prior to trial. Petitioner alleges that the Commonwealth was using the

5

recorded phone conversations out of context, and if he had been given the opportunity to listen to all of the recorded phone conversations prior to trial, he could have identified other phone conversations which would have put what the Commonwealth played to the jury at trial into context. Specifically, Petitioner identifies two arguments made by the Commonwealth through the prison phone conversations that he could have explained or rebutted.

First, the Commonwealth introduced a phone conversation made by Petitioner instructing his fiancé to retrieve a "pool stick" from the trunk of an impounded automobile. The Commonwealth alleged that "pool stick" was a codename used to refer to the firearm involved in the crime, and that Petitioner was attempting to dispose of this evidence. Petitioner claims he could have played other phone conversations to the jury to prove that he was simply asking his girlfriend to retrieve his property, a pool cue that he used to play billiards, from the automobile. Instead of playing additional phone conversations to the jury, trial counsel offered the testimony of Petitioner's fiancé to prove this point. As trial counsel explained, he preferred this strategy because,

> [T]he more of my client's voice I can keep out of a courtroom in front of a jury, the happier I am. So I wouldn't have added to it unless there was a stark contradiction in some other portion of the tape, which I don't think there was to what was being played to the jury. In other words, if what was being played was so out of context to be disingenuous, I would have corrected it. But, frankly, (the prosecutor) was making hay out of something that I thought was kind of silly, and I think I won that point

6

with the jury that she was trying to insinuate my client was instructing an individual to get evidence from the car, and I didn't believe it was in the call. I didn't believe it was in the case at all.

*N.T. 3/27/14,* p. 16-17.

Second, the Commonwealth introduced a phone call where Petitioner discussed an individual named "Jay" with family members. The Commonwealth argued that "Jay" was a codename for the complaining witness in the case, and that Petitioner was attempting to convince others to intimidate her. Petitioner now argues that he always referred to the complaining witness by her own name in the recorded phone conversations, and not as "Jay." Instead, "Jay" referred to a potential defense witness. According to Petitioner's contention, had he been given the opportunity to listen to all of the phone conversations prior to trial, he could have identified other phone conversations where he referred to the complaining witness by her own name, and then played them to the jury to prove that Jay was someone else.

During the PCRA hearing, trial counsel explained why he did not pursue this strategy. Trial counsel explained that after he heard the phone calls played at trial and discussed them with his client, he believed that,

> ...what was being portrayed by the Commonwealth through these calls
> was so patently not what he did or what he was trying to do that it was
> just wasted, spent energy by the government. And I think that (Petitioner)
> agreed with me when we heard them in court that that's how it sounded.

7

*N.T. 3/27/14,* p. 17-18. Furthermore, trial counsel reasoned, "The only way that I could see playing a prison call with my client's voice on it is if it was proving something I needed to prove as an element of my defense. And that wasn't in this case." *3/27/14,* p. 28.

Additionally, Petitioner now also asserts that trial counsel should have sought a recess or continuance upon receiving the transcripts of the intercepted phone calls shortly before trial. Once again, trial counsel chose not to pursue this strategy, and explained that,

> ...the content that was being elicited by the government, I didn't think it
> hurt me. I thought it was a win. You know, the prosecutor was spending
> jury time in a case where there was, frankly, other damning evidence
> talking about things that my client did after incarceration that I thought
> were silly. If she wanted to play it and allow me to expose that in court, I
> was happy to let her do it.

*N.T. 3/27/14,* p. 20.

Trial counsel's decision to listen to the phone calls on his own and then explain their content to Petitioner had a reasonable tactical and strategic basis under these circumstances. Since Petitioner has failed to establish that trial counsel's actions lacked a reasonable strategic or tactical basis under the second prong of *Strickland,* his PCRA claim must fail.

As to the third prong of *Strickland,* Petitioner has failed to demonstrate that he has suffered actual prejudice for trial counsel's failure to review the recorded phone

8

conversations with him. As a general matter, trial counsel is a skilled and experienced criminal defense attorney, having been admitted to the Pennsylvania Bar in April of 2000 and beginning his career as an Assistant District Attorney in Bucks County. *N.T. 11/14/13*, p. 39. Upon entering private practice in 2004, trial counsel has worked almost exclusively as a criminal defense attorney, having closed 1,407 cases in that time with criminal defense work comprising 98 to 99 percent of his business. *N.T. 11/14/13*, p. 40. Furthermore, trial counsel was successful in winning an acquittal for Petitioner on the arson-related counts of this case, indicating that he was, in fact, effective as counsel.

Even if trial counsel had listened to the CDs with Petitioner physically present, it is unlikely, given the overwhelming amount of evidence supporting Petitioner's conviction that such course of action would have resulted in a different verdict for Petitioner. As a result, Petitioner's claim must fail under the third prong of *Strickland* as well.

Since Petitioner cannot establish either that trial counsel's failure to review the intercepted phone calls with Petitioner prior to trial lacked a reasonable strategic or tactical basis, or that it caused Petitioner actual prejudice, Petitioner's claim under the PCRA must fail.

## Conclusion

For the foregoing reasons, we find that the issues raised in this appeal are without merit.

BY THE COURT:

Jeffrey L. Finley, P.J.

DATE: September 4, 2014

10