J-S19023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES PACK | |
| Appellant | No. 1340 EDA 2015 |

Appeal from the PCRA Order Dated April 24, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No: CP-39-CR-0001361-2008

BEFORE: BENDER, P.J.E., STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.: **FILED SEPTEMBER 16, 2016**

Appellant Charles Pack appeals from the April 24, 2015 order of the Court of Common Pleas of Lehigh County ("PCRA court"), which denied his request for collateral relief under the Post Conviction Relief Act (the "Act"), 42 Pa.C.S.A. §§ 9451-46. Upon review, we affirm.

On December 22, 2005, two men forced their way into an Allentown apartment shared by Benjamin Luck and his girlfriend Elinette Nieves.[1] Mr. Luck and Ms. Nieves, along with Debra Schlegel, were present in the apartment that evening. One of the intruders shot Mr. Luck in the head twice. Ms. Schlegel testified that she heard three shots. One of the

---

[1] Unless otherwise specified, these facts come from this Court's January 10, 2012 Memorandum affirming Appellant's judgment of sentence. **Commonwealth v. Pack**, No. 2373 EDA 2010 (Pa. Super. Jan. 10, 2010) (unpublished memorandum).

intruders was injured while inside of the apartment, leaving a trail of blood leading through the apartment's kitchen, out the door, and down a walkway to the street. A DNA test later confirmed that the trail of blood was Appellant's. While interviewing Appellant, detectives noticed his injured hand. Appellant initially told them that he injured it while changing a tire. The detectives photographed Appellant's injury, because they believed it would explain the trail of blood at the crime scene. The detectives later interviewed Appellant a second time. During this interview, the detectives told Appellant his DNA had been found at the crime scene, and that they had been informed Appellant had been shot. According to one of the detectives, Appellant became agitated and said he knew they were going to find that out.

> The PCRA court summarized the procedural background as follows:
>
> On May 17, 2010, following a jury trial, [Appellant] was found guilty of Murder of the Second Degree, Burglary, Robbery and two counts of Criminal Conspiracy.[2] I ordered a Pre-sentence Investigation Report (PSI), and on June 22, 2010, I sentenced [Appellant] on the homicide charge to life imprisonment without the possibility of parole, and a consecutive term of 32 ½ years to 80 years on the remaining charges.
>
> [Appellant] filed Post-Sentence Motions, which were denied on July 20, 2010, following a hearing. [Appellant] timely appealed, and the Superior Court affirmed his judgment of sentence on January 10, 2012. Our Supreme Court denied [Appellant's] petition for allowance of appeal on September 19, 2012. [Appellant] did not file a petition for writ of *certiorari* with the United States Supreme Court. At all relevant times, [Appellant] was represented by James D. Nechin, Esquire, of the Lehigh County Public Defender's Office.

---

[2] Respectively, 18 Pa.C.S.A. §§ 2501(a), 3502(a), 3701(a)(1)(i), and 903.

On December 27, 2013, [Appellant] filed a *pro se* petition pursuant to the Post-Conviction Relief Act (PCRA). Attorney Robert Long was appointed to represent [Appellant], and on May 1, 2014, Attorney Long filed a petition addressing only the timeliness of [Appellant]'s petition, as directed by this court. After review of the same, I issued an order finding that [Appellant]'s petition was timely pursuant to the prisoner mailbox rule, and directing counsel to file an amended petition addressing the merits of [Appellant]'s claims. Attorney Long filed an amended petition on August 14, 2014, and a second amended petition on December 8, 2014, raising claims of ineffective assistance of counsel. A hearing was held on October 8, 2014, and December 17, 2014, following which I took the matter under advisement. The parties submitted briefs, and this opinion follows.

PCRA Court Opinion, 4/24/15, at 1-2. On appeal,[3] Appellant raises the following issues for our review.

Did the [PCRA] court err in finding that trial counsel was not ineffective for:

1. Failing to object to the prosecutor's use of an inflammatory photograph of [Appellant]'s hand during his closing;

2. Failing to object to the prosecutor's statement that a bullet went through the victim's body and entered [Appellant]'s hand during his closing, when there was no evidence to support the argument;

3. Failing to call Deb Schlegel's son as a witness at trial to testify that Deb Schlegel, a Commonwealth witness, was involved in the crimes.

Appellant's Brief at 4.

A PCRA petitioner is entitled to relief if he pleads and proves that prior counsel rendered ineffective assistance of counsel. 42 Pa.C.S.A.

---

[3] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (quoting **Commonwealth v. Rainey**, 928 A.2d 215, 223 (Pa. 2007)).

§ 9543(a)(2)(ii). "To prevail on an [ineffectiveness] claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice." *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*). "A petitioner must prove all three factors of the "*Pierce*[4] test," or the claim fails." *Id.*

Based on our review of Appellant's brief, we agree with the Commonwealth's observation that Appellant's ineffectiveness claims *sub judice* are waived because his brief is bereft of any discussion or argument with respect to any one of the three *Pierce* prongs. As we recently emphasized, "[a] petitioner must prove all three factors of the *Pierce* test, or the [ineffectiveness] claim fails. In addition, on appeal, a petitioner *must adequately discuss all three factors* of the *Pierce* test, or the appellate court will reject the claim." *Reyes-Rodriguez*, 111 A.3d at 780 (emphasis added) (citing *Fears*, 86 A.3d at 804)). Thus, given Appellant's failure to adequately discuss the *Pierce* prongs on appeal, we must reject his ineffectiveness claims.

Order affirmed.

_____

[4] *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987).

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/16/2016