J-E03006-14

2015 PA Super 47

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ALFREDO REYES-RODRIGUEZ | |
| Appellant | No. 2121 EDA 2013 |

Appeal from the PCRA Order of June 28, 2013
In the Court of Common Pleas of Northampton County
Criminal Division at Nos: CP-48-CR-0001684-2006,
CP-48-CR-0003501-2006, CP-48-CR-0001683-2006

BEFORE: BENDER, P.J.E., BOWES, PANELLA, DONOHUE, SHOGAN, ALLEN, LAZARUS, WECHT, and STABILE, JJ.

OPINION BY STABILE, J.: **FILED MARCH 11, 2015**

Appellant, Alfredo Reyes-Rodriguez, is serving a prison sentence for his convictions of sex abuse crimes against three minor girls. The Court of Common Pleas of Northampton County denied Appellant's PCRA[1] petition. We granted reargument to determine, among other things, whether Appellant's trial counsel rendered ineffective assistance in failing to request an adequate jury instruction on character evidence. We now affirm the denial of PCRA relief, as Appellant failed to meet his burden of establishing that trial counsel had no reasonable basis for failing to request the jury instruction.

_____

[1] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46.

Appellant was charged with sexually abusing three minor half-sisters, M.A. (born in 1990), S.C. (born in 1991), and Y.R. (born in 1995). Appellant was the paramour of the girls' mother while the abuse occurred, and the victims called him their "stepfather." According to M.A., Appellant began abusing her when she was eight years old, shortly after she first met him, and while her family was living in Philadelphia. When M.A. was ten, the family moved to New York City, and Appellant continued to abuse her, two to three times per week. Appellant further continued to abuse M.A., then twelve, when the family moved to Bethlehem, Pennsylvania. M.A. testified that the abuse stopped in March 2006.

S.C. met Appellant when she was eight or nine years old. She testified that he began abusing her when she was ten years old and living in Philadelphia. Appellant continued to abuse her after the family moved to Bethlehem.

Y.R., who was nine years old when she went into foster care, testified that Appellant abused her while they lived in Bethlehem. On March 17, 2006, S.C.'s boyfriend anonymously reported S.C.'s abuse to Child Protective Services. His report led to the removal of the sisters from their home and placement in foster care, and Appellant's arrest.

Appellant pled guilty to various charges, but later withdrew his plea. At trial, the Commonwealth established that Appellant groomed his victims, and began to abuse them before their thirteenth birthdays. Although the abuse followed a common scheme, the nature of the assaults varied as to

each individual victim. Testifying in his own defense, Appellant denied abusing the victims. Also, three of Appellant's neighbors testified he had a reputation of being a "good father." The jury found Appellant guilty of the following charges:

- For M.A.: attempted rape, aggravated indecent assault, indecent assault, endangering the welfare of children (EWOC), and corruption of minors;[2]
- For S.C.: indecent assault, EWOC, and corruption of minors; and
- For Y.M.: attempted aggravated indecent assault, indecent assault, EWOC, and corruption of minors.

On May 14, 2007, Appellant was sentenced to an aggregate of 14½ to 29 years in prison. Appellant appealed to this Court. We affirmed the judgment of sentence on July 25, 2011.[3] *Commonwealth v. Reyes-Rodriguez*, 32 A.3d 280 (Pa. Super. 2011) (unpublished memorandum).

Appellant timely filed a *pro se* PCRA petition. The PCRA court appointed counsel, and held a hearing on the petition. At the hearing, Appellant questioned his trial counsel on his trial strategy—but only regarding his use of the three character witnesses. Appellant did not call any witness to corroborate his claims that (1) the three character witnesses would have testified further that he was nonviolent, peaceable, and chaste; or (2) various uncalled witnesses would have testified that Appellant had the

---

[2] 18 Pa.C.S.A. §§ 901(a), 3125(a)(8), 3126(a)(7) 4304, and 6301(a)(1).

[3] Reyes-Rodriguez's appellate lawyers twice abandoned him, requiring reinstatement of his direct appeal rights.

same character traits. In particular, PCRA counsel did not ask any questions of trial counsel regarding the trial court's instructions to the jury on character evidence. On June 28, 2013, the PCRA court denied post-conviction relief, and Appellant appealed. A divided panel of this Court initially reversed, determining that Appellant was entitled to a new trial. We granted reargument *en banc*, and now instead affirm the PCRA court's denial of relief.

On reargument, Appellant raises the following issues, which we have reordered for ease of discussion:

1. Whether trial counsel was ineffective in failing to raise contemporaneous objections to the testimony of [M.A.]?

2. Whether trial counsel was ineffective in failing to present evidence of the character of [Appellant] concerning his general reputation in the community with regard to traits as to non-violence, peaceableness, quietness, good moral character, chastity, and disposition to observe good order?

3. Whether trial counsel was ineffective in failing to object or request a character evidence instruction that included the charge that "character evidence alone may raise a reasonable doubt and thus justify an acquittal of the charges?"

4. Whether trial counsel was ineffective in failing to challenge the consecutive nature of sentencing at the sentencing hearing and/or in post-sentence motions?

Appellant's Brief at 3-4 (capitalization and citation of case law and notes of testimony omitted).[4]

_____

[4] Appellant raises four additional issues, but states they are meritless. **See** Appellant's Brief at 22-25. Accordingly, we will not address those issues.

In PCRA appeals, our scope of review "is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." *Commonwealth v. Sam*, 952 A.2d 565, 573 (Pa. 2008) (internal quotation omitted). Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. *Commonwealth v. Pitts*, 981 A.2d 875, 878 (Pa. 2009). We defer to the PCRA court's factual findings and credibility determinations supported by the record. *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*). In contrast, we review the PCRA court's legal conclusions *de novo*. *Id.*

All of Appellant's issues assert ineffective assistance of trial counsel (IAC). "It is well-established that counsel is presumed effective, and [a PCRA petitioner] bears the burden of proving ineffectiveness." *Commonwealth v. Ligons*, 971 A.2d 1125, 1137 (Pa. 2009); *see also Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987) ("We . . . presume that counsel is acting effectively."); *accord Strickland v. Washington*, 466 U.S. 668, 687 (1984) (establishing the elements a defendant must prove to show IAC). As the Supreme Court of the United States has stated, "counsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment,' and . . . the burden to 'show that counsel's performance was deficient' rests squarely on the defendant." *Burt*

*v. Titlow*, 134 S. Ct. 10, 17 (2013) (quoting **Strickland**, 466 U.S. at 687, 690).

To prevail on an IAC claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice. **Commonwealth v. Baumhammers**, 92 A.3d 708, 719 (Pa. 2014) (citing **Pierce**, 527 A.2d at 975-76). A petitioner must prove all three factors of the "**Pierce** test," or the claim fails. **Id.** In addition, on appeal, a petitioner must adequately discuss all three factors of the "**Pierce** test," or the appellate court will reject the claim. **Commonwealth v. Fears**, 86 A.3d 795, 804 (Pa. 2014).

Appellant's first issue concerns trial counsel's failure to object to the victims' testimony regarding alleged abuse that occurred outside of Northampton County, *i.e.*, extraterritorial abuse. Except for his recitation of the procedural history and the standard of review, Appellant's argument on this issue is as follows:

> Your [Appellant] argues that allowing the victims to testify regarding the alleged sexual assaults in question was a misapplication of the law and was manifestly unreasonable. The evidence presented was not probative and [sic] the issue at question in the instant matter. The evidence permitted was highly prejudicial to [Appellant] and outweighed its prejudicial value [sic].

Appellant's Brief at 16.

Two deficiencies in Appellant's argument preclude relief. First, Appellant incorrectly frames the issue as trial court error in admitting the

testimony. The PCRA, however, procedurally bars claims of trial court error, by requiring a petitioner to show the allegation of error is not previously litigated or waived. 42 Pa.C.S.A. §§ 9543(a)(3), 9544. At the PCRA stage, claims of trial court error are either previously litigated (if raised on direct appeal) or waived (if not). *See Commonwealth v. Spotz*, 18 A.3d 244, 260-61, 270 (Pa. 2011) (rejecting claims of trial court error as either previously litigated where raised on direct appeal or waived where not raised direct appeal). Trial court error may constitute the arguable merit prong of an IAC claim, but the issue must be framed properly for a petitioner to be entitled to relief. *See Commonwealth v. Paddy*, 15 A.3d 431, 449 n.11 (Pa. 2011) (admonishing against conflating claims of IAC with claims of trial court error). As stated before, "[w]hen an appellant fails to meaningfully discuss each of the three [IAC] prongs, he is not entitled to relief . . . ." *Fears*, 86 A.3d at 804 (internal quotation omitted). Here, Appellant has not discussed at all the reasonable-basis or prejudice prongs of the *Pierce* test on this IAC claim.

Second, Appellant inartfully categorizes the extraterritorial abuse testimony as not probative and also more prejudicial than probative. *Compare* Pa.R.E. 402, *with* Pa.R.E. 403. He fails to cite supporting authority for either proposition. Appellant also fails to explain how the evidence was irrelevant or, if relevant, how it was prejudicial. When an appellant cites no authority supporting an argument, this Court is inclined to believe there is none. *See* Pa.R.A.P. 2119(a) and (b) (requiring an appellant

to discuss and cite pertinent authorities); ***Commonwealth v. Antidormi***, 84 A.3d 736, 754 (Pa. Super. 2014) (finding issue waived because the appellant "cited no legal authorities nor developed any meaningful analysis"). Because Appellant has failed to develop his argument or cite authority, he is not entitled to relief on his first claim.

We next turn to Appellant's IAC claim regarding character evidence. Appellant contends trial counsel was ineffective for asking the three character witnesses only about his reputation for being a good father. He argues trial counsel should have additionally asked the witnesses about Appellant's reputation for nonviolence, peaceableness, quietness, good moral character, chastity, and disposition to observe good order.

Under Pennsylvania Rule of Evidence 404(a)(1), a "person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."[5] Pa.R.E. 404(a)(1). Under Rule 404(a)(2)(A), a criminal defendant may introduce evidence of a "pertinent" character trait. "Pertinent" means relevant to the crimes charged. ***Commonwealth v. Minich***, 4 A.3d 1063, 1071 (Pa. Super. 2010). In rebuttal, the Commonwealth may offer evidence of the defendant's bad character. Pa.R.E. 404(a)(2)(A). Pennsylvania law

_____

[5] Effective March 18, 2013, the Pennsylvania Rules of Evidence were rescinded and replaced. The changes, however, are stylistic—and not substantive. ***See Commonwealth v. Huggins***, 68 A.3d 962, 966 n.2 (Pa. Super. 2013).

generally limits proof of character evidence to a person's reputation, and opinion evidence cannot be used to prove character. Pa.R.E. 405(a).

At trial, counsel called three of Appellant's neighbors, Nancy Swartz, Rebecca Wasler, and Virginia Serbia to testify on his behalf. Swartz testified that she lived "right across the way" from Appellant, and that she had known him and his family since he moved next door, about five or six years in all. N.T. Trial, 4/11/07, at 7. As to Appellant's reputation, she testified:

> Q. Now, in the community, what is the reputation for [Appellant] as to fatherhood?
>
> A. To me?
>
> Q. The type of father he is known to be?
>
> A. A very good father. He was strict, but he was a good father.

*Id.* at 78.

Wasler, Swartz's granddaughter who lived with Swartz, testified as follows:

> Q. Did you talk to your neighbors about [Appellant's] family?
>
> A. Just our neighbor, Virginia [Serbia].
>
> Q. Well did you get to know the reputation in their community and in your little apartment complex?
>
> A. Yes.
>
> * * *
>
> Q. Do you have a perception as to what [Appellant's] reputation was as to being a good father?
>
> A. I don't really understand what you're saying.
>
> Q. I'll rephrase it. Did he have a good reputation as a father?

A. Yes.

*Id.* at 100-01.

Serbia, another neighbor, testified as follows:

Q. Have you spoken to any of your neighbors about [Appellant] and what type of father he was?

A. Yeah, we used to go back and forth. We thought he was a good father. He is a good father.

Q. Did he have a reputation among your group?

A. Among the neighborhood, yes.

Q. Other than Nancy and her family, Nancy Swartz and her family, were there any other people in the neighborhood that shared that?

A. Well, our apartments are right next to each other, that's nine apartments, and everybody knew [Appellant].

*Id.* at 112.

Responding to Appellant's IAC claim, the PCRA court concluded trial counsel was not ineffective. PCRA Court Opinion, 6/28/13, at 6-7. The PCRA court noted trial counsel testified he discussed character witnesses with Appellant before trial, and Appellant was able to place good-character evidence in the record. *Id.* The PCRA court concluded further that any additional character evidence would have been cumulative. *Id.*

We find no error in the PCRA court's ruling. Also, Appellant did not present any witnesses at the PCRA hearing other than himself and trial counsel. Thus, no witness testified to the other aspects of Appellant's character that he claims trial counsel should have elicited at trial. Among other things, a PCRA petitioner must show the proposed testimony would

have been beneficial, *i.e.*, the absence of other good-character evidence "was so prejudicial as to have denied the [petitioner] a fair trial." **See Commonwealth v. Johnson**, 966 A.2d 523, 536 (Pa. 2009) (quotation omitted). Without evidence of what Appellant's three witnesses would have said if asked about his reputation for peaceableness, quietness, good moral character, chastity, and the disposition to observe good order, he cannot prove prejudice.

We now turn to Appellant's third IAC claim regarding counsel's failure to request an appropriate jury instruction on character evidence. Specifically, Appellant argues the instruction given failed to apprise the jury that character evidence alone may be sufficient to raise a reasonable doubt and justify an acquittal. Appellant's Brief at 13. **Commonwealth v. Neely**, 561 A.2d 1, 3 (Pa. 1989), requires such a charge if a defendant introduces evidence of his or her good character. In this case, three witnesses testified to Appellant's reputation as a good father.[6]

_____

[6] The Commonwealth argues Appellant's reputation as a "good father" was not pertinent under Rule 404(a). We reject this argument. Appellant was charged with EWOC, which requires proof of endangering a child to whom a person owes a duty of care, protection, or support. Clearly, a person's reputation as a good father may be pertinent to rebut a charge that the person abused children under his care. Furthermore, nothing in our case law constrains character evidence in sex crimes cases to the trait of "chastity." Rather, Rule 404(a) requires only that the character trait be "pertinent," *i.e.*, relevant. A person's reputation as a good father or caretaker may be pertinent to rebut a charge that a person sexually abused children under his care.

The trial court gave the following charge to the jury on character evidence:

> Now, during this trial, you have also heard the defense offer evidence asserting that the defendant's reputation is held by some residents in the apartment building that he is a good father. The law recognizes that a person of good character is not likely to commit a crime that is contrary to that person's nature. You must weigh and consider the evidence presented by the defense with regard to the defendant[']s reputation as a good father along with other evidence in this case.

N.T. Trial, 4/12/07, at 55. Noticeably absent is that part of the suggested standard jury instruction that states, "[e]vidence of a good character may by itself raise a reasonable doubt of guilt and require a verdict of not guilty." Pa. Sugg. Stand. Jury Instr. (Crim.) § 3.06. Also absent is a request by trial counsel for a charge under *Neely*.

For matters of trial strategy, a PCRA petition **must** provide an evidentiary basis on which to find trial counsel's actions unreasonable. *Commonwealth v. Weiss*, 81 A.3d 767, 782, 801-02 (Pa. 2013). To prevail on his IAC claim, Appellant therefore bore the burden of showing that trial counsel had no reasonable basis for his inaction. As noted above Appellant did not question trial counsel regarding his failure to request a charge under *Neely*. In fact, there is no evidence of record as to trial counsel's strategy in this regard. Appellant's failure to support his IAC claim with **any** evidence requires rejection of the claim.

In *Weiss*, for example, the petitioner claimed IAC because his trial counsel did not ask for a cautionary instruction regarding prior bad acts

evidence. Our Supreme Court rejected his claim because, though given a hearing, the petitioner failed to question trial counsel regarding his decision not to do so:

> Because Appellant was given an evidentiary hearing and yet did not elicit from trial counsel his reasons for failing to request the cautionary charge, and because the decision whether to seek a jury instruction implicates a matter of trial strategy, [***Commonwealth v. Lesko***, 15 A.3d 345, 401 (Pa. 2011)], **the record before us provides no grounds for deeming counsel ineffective for failing to request an instruction**. ***See*** [***Commonwealth v. Koehler***, 36 A.3d 121, 147 (Pa. 2012)] (rejecting an ineffectiveness claim premised on counsel's failure to request cautionary instructions because the petitioner did not ask trial counsel about his strategy at the PCRA hearing); ***Commonwealth v. Puksar***, [951 A.2d 267, 278 (Pa. 2008)] (rejecting an ineffectiveness claim because, *inter alia,* PCRA counsel failed to question trial counsel during the PCRA hearing regarding his trial strategy for not calling a particular witness); ***Commonwealth v. Ervin***, 766 A.2d 859 (Pa. Super. 2000) (rejecting claim challenging trial counsel's failure to object to the prosecutor's questioning and argument on the reasonable basis prong of the ineffectiveness test because the PCRA petitioner was afforded an evidentiary hearing, but failed to question trial counsel regarding his trial strategy as it related to the claim of ineffectiveness).

***Id.*** (emphasis added).

Moreover, "a lawyer should not be held ineffective without first having an opportunity to address the accusation in some fashion."[7]

_____

[7] In some cases, the lack of a reasonable basis may be apparent from the face of the record, for example where counsel affirmatively misinforms his client on the law. ***See Commonwealth v. Barndt***, 74 A.3d 185, 199 & n.16 (Pa. Super. 2013) (holding PCRA petitioner proved IAC where trial counsel affirmatively misinformed him about collateral consequence, even *(Footnote Continued Next Page)*

- 13 -

*Commonwealth v. Colavita*, 993 A.2d 874, 895 (Pa. 2010). In fact, our Supreme Court has cautioned against finding no reasonable basis for trial counsel's actions in the absence of supporting evidence. "The fact that an appellate court, reviewing a cold trial record, cannot prognosticate a reasonable basis for a particular failure to raise a plausible objection does not necessarily prove that an objectively reasonable basis was lacking." *Id.* at 896 (quoting *Commonwealth v. Spotz*, 870 A.2d 822, 832 (Pa. 2005)).

Here, there was no evidence to support a conclusion that trial counsel had no reasonable basis for his action. It may seem that trial counsel, having introduced character evidence, had no reasonable basis for not requesting a jury instruction under *Neely*. However, this Court does not sit as a fact-finder. With no supporting evidence in the record, we cannot resolve a factual dispute in favor of Appellant who bears the burden of proof on this issue.

In addition to presenting no evidence on whether or not trial counsel had a reasonable basis not to request a *Neely* instruction, Appellant again presents no argument on the prongs of the *Pierce* test regarding the lack of a reasonable basis and prejudice.[8] Our appellate courts have repeatedly

*(Footnote Continued)* ————————————

though trial counsel did not testify at PCRA hearing). These circumstances are not present in this case, because the issue here is one of trial strategy.

[8] Appellant cites *Commonwealth v. Scott*, 436 A.2d 607 (Pa. 1981), and *Commonwealth v. Morgan*, 739 A.2d 1033 (Pa. 1999), but those cases are irrelevant. *Scott* and *Morgan* held a defendant's character witnesses

*(Footnote Continued Next Page)*

rejected IAC claims where the appellant fails to properly address all three prongs of the *Pierce* test. *See, e.g., Fears*, 86 A.3d at 804 ("When an appellant fails to meaningfully discuss each of the three [IAC] prongs, he is not entitled to relief . . . .") (internal quotation omitted); *Commonwealth v. Charleston*, 94 A.3d 1012, 1021 (Pa. Super. 2014) (finding IAC claim regarding jury instructions waived where appellant baldly asserted prejudice and failed to develop argument regarding reasonable basis).

Accordingly, Appellant's third claim must be rejected, as he has neither put forth evidence to support his claim that trial counsel had no reasonable basis for his actions, nor argument regarding the lack of a reasonable basis or prejudice. Therefore, we are constrained to reject his IAC claim regarding the lack of a good character evidence jury instruction under *Neely*.

In his final claim, Appellant raises IAC for trial counsel's alleged failure to preserve a challenge to the discretionary aspects of his sentence, specifically, the consecutive nature of the sentences imposed.

Appellant is not entitled to relief, as his IAC claim regarding the discretionary aspects of sentencing lacks arguable merit. On direct appeal, we stated in passing that Appellant failed to raise a substantial question that the sentence imposed was inconsistent with the Sentencing Code or contrary

*(Footnote Continued)* _____

cannot be cross-examined about the defendant's prior arrests that did not result in convictions, holdings now embodied in Pa.R.E. 405(a)(2). Neither case was a PCRA case, and neither case concerned the propriety of, or consequences of failing to request, a *Neely* charge.

- 15 -

to the fundamental norms underlying the sentencing process. ***Reyes-Rodriguez***, 32 A.3d 280, No. 1787 EDA 2011, unpublished memorandum, at 14-15 (filed July 25, 2011). Appellant repeats his claim that trial counsel should have requested his sentences be made concurrent. "[A] sentencing court generally has discretion to impose multiple sentences concurrently or consecutively, and a challenge to the exercise of that discretion does not ordinarily raise a substantial question." ***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014). A defendant who fails to raise a substantial question is not entitled to appellate review of the discretionary aspects of sentence, even if raised in a post-sentence motion. ***See id.*** at 1252.

We note three additional bases that preclude relief on Appellant's final claim. First, Appellant never questioned trial counsel regarding sentencing, so he cannot show that trial counsel had no reasonable basis for failing to preserve a challenge to the sentence. Second, the PCRA court, *i.e.*, the same judge who sentenced Appellant, stated it imposed consecutive sentences because "there were three independent victims who were abused at different times and at different places." PCRA Court Rule 1925(a) Opinion, 7/28/13, at 10. Thus, any challenge to the consecutive nature of Appellant's sentences would have been rejected and therefore, Appellant cannot establish prejudice. Third, Appellant again fails to discuss the reasonable basis and prejudice prongs of the ***Pierce*** test.

In sum, the PCRA court did not err in denying post-conviction relief. All of Appellant's IAC claims fail at least one of the prongs of the ***Pierce*** test

- 16 -

due to the Appellant's failure to present evidence and/or argument to support his claims. Accordingly, we affirm the order denying PCRA relief.

Order affirmed.

Judge Bowes, Judge Panella, Judge Donohue, Judge Shogan, Judge Allen, Judge Lazarus, and Judge Wecht join the opinion.

President Judge Emeritus Bender concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/2015