J-S46019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,

               Appellee

               v.

ERIC KEITH WINSTON,

               Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 2358 EDA 2014

Appeal from the PCRA Order of August 4, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0003270-2012

BEFORE: MUNDY, OLSON and MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:        **FILED SEPTEMBER 17, 2015**

Appellant, Eric Keith Winston, appeals from the order entered on August 4, 2014 dismissing his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The factual background and procedural history of this case are as follows. On June 22, 2011, Appellant met with his probation officer. His probation officer asked for his cell phone and the keys to his car. The probation officer informed Appellant that he would be searching Appellant's cell phone and car for illegal contraband. Appellant informed his probation officer that there was an image of a naked 16-year-old female on his cell phone and a picture of Appellant's penis that he sent to the minor female. Upon searching the cell phone, Appellant's probation officer found two

pictures of a naked 14-year-old[1] female and a picture of Appellant's penis. After further questioning, Appellant also admitted to viewing child pornography on his cell phone within the past two weeks.

On September 19, 2012, Appellant entered into a negotiated plea agreement with the Commonwealth. In exchange for the Commonwealth waiving the 25 to 50 year mandatory minimum sentence and agreeing to recommend an aggregate sentence of 10 to 20 years' imprisonment, Appellant pled guilty to possession of child pornography,[2] unlawful contact with a minor,[3] and criminal use of a communication device.[4] After pleading guilty, Appellant was assessed by the Sexual Offender Assessment Board and a privately retained physiatrist, Dr. Steven Samuel.

On January 22, 2013, Appellant was sentenced to an aggregate term of 8 to 16 years' imprisonment and was designated as a sexually violent predator.[5] Appellant received a sentence less than that agreed to in his negotiated plea agreement because the Commonwealth reviewed Dr.

_____

[1] Although Appellant believed the female was 16 years old, she was in fact 14 years old. N.T., 1/22/13, at 7.

[2] 18 Pa.C.S.A. § 6312(d)(1).

[3] 18 Pa.C.S.A. § 6318(a)(1).

[4] 18 Pa.C.S.A. § 7512(a).

[5] Appellant received consecutive three to six year sentences for possession of child pornography and unlawful contact with a minor. In addition, Appellant received a two to four year sentence for criminal use of a communication device.

Samuel's report and determined that 8 to 16 years' imprisonment was an appropriate sentence. Appellant did not file a direct appeal.

On January 21, 2014, Appellant filed a counseled PCRA petition. On July 3, 2014, the PCRA court issued notice of its intent to dismiss the PCRA petition without an evidentiary hearing. On August 4, 2014, the PCRA court dismissed the petition. This timely appeal followed.[6]

> Appellant presents one issue for our review:
>
> Whether the [PCRA c]ourt erred by denying []Appellant's PCRA [p]etition when trial counsel was clearly ineffective for failing to present Dr. Samuel (or his report) at sentencing so that the [trial c]ourt would have the benefit of medical opinions as to the Appellant's state of mind in order to fashion an appropriate sentence?

Appellant's Brief at 4.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Montalvo**, 114 A.3d 401, 409 (Pa. 2015) (internal quotation marks and citation omitted). "In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." **Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775,

---

[6] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). Nonetheless, on March 26, 2015, the PCRA court issued an opinion explaining its rationale for dismissing Appellant's petition.

779 (Pa. Super. 2015) (*en banc*) (internal quotation marks and citations omitted).

In his lone issue on appeal, Appellant claims his trial counsel was ineffective. As our Supreme Court explained:

> [T]o prove counsel ineffective, [a PCRA] petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error. Counsel is presumed to have rendered effective assistance.
>
> A court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the ineffectiveness test, the court may proceed to that element first. Finally, counsel cannot be deemed ineffective for failing to raise a meritless claim.

***Commonwealth v. Tharp***, 101 A.3d 736, 747 (Pa. 2014) (citations omitted).

Appellant is unable to show actual prejudice as the result of trial counsel's failure to submit Dr. Samuel's report or call Dr. Samuel at sentencing. As noted above, Appellant entered into a negotiated plea agreement with the Commonwealth. The Commonwealth agreed to waive the 25 to 50 year mandatory minimum sentence and instead recommend a 10 to 20 year sentence. ***See*** N.T., 1/22/13, at 7-8. Appellant's trial counsel then provided the Commonwealth with Dr. Samuel's report and the Commonwealth agreed to reduce the recommended sentence to 8 to 16

years' imprisonment. *See id.* at 4 ("[Defense counsel] provided me with a report by a Dr. Steven Samuel, who I'm familiar with from prior cases. Based upon some information in Dr. Samuel's report I am looking to modify my recommendation for sentencing slightly downward from what I said earlier. In essence, instead of what I had negotiated, 10 to 20 years, I'm prepared to recommend to the [c]ourt a sentence of [8] to 16 years."). The trial court then imposed the sentence recommended by the Commonwealth.

Appellant did not allege that if trial counsel submitted Dr. Samuel's report or called Dr. Samuel, the trial court would have further reduced Appellant's sentence below that which the Commonwealth recommended. *See generally* PCRA petition, 1/21/14. Therefore, Appellant failed to show how the trial court's review of Dr. Samuel's report would have changed the outcome of his sentencing proceeding. Appellant's sole allegation, that it would have provided the trial court with medical information regarding his state of mind, is insufficient to show actual prejudice.

Furthermore, even if Appellant alleged that the trial court would have imposed a lesser sentence with Dr. Samuel's report, his argument lacks merit. Appellant argues that Dr. Samuel would have testified that: (1) Appellant never had physical contact with the victim; (2) Appellant accepted responsibility; (3) Appellant was a low-risk offender; and (4) Appellant was amenable to treatment. None of this information was new to the trial court. The trial court was aware that Appellant never had physical contact with his

- 5 -

victim and that he accepted responsibility for his actions.  The trial court also was aware of Appellant's risk level and his amenability to treatment as Appellant was on probation for a similar crime at the time of the instant offense.  Since Appellant failed to demonstrate actual prejudice, he is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/17/2015