J-S95011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DEMETRIOUS WELLS | |
| Appellant | No. 316 EDA 2016 |

Appeal from the PCRA Order Dated January 5, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0006559-2008

BEFORE: STABILE, MOULTON, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 28, 2017**

Appellant Demetrious Wells appeals from the January 5, 2016 order of the Court of Common Pleas of Philadelphia County ("PCRA court"), which denied without a hearing his request for collateral relief under the Post Conviction Relief Act (the "Act"), 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

The facts and procedural history of this case are undisputed. As recounted by a prior panel of this Court:

> On August 31, 2006, in the early morning hours, the body of [L.H.], a U.S. Army veteran, was found lying in the street at 31st and Nevada Streets [in Philadelphia]. [L.H.] had been shot numerous times. An investigation began immediately and revealed that in the hours prior to the shooting, [L.H.] had visited his mother and asked for $10.00 to buy something to eat. She did not give him any money and told him that he should use his own funds. After speaking to his mother, [the victim] rode his bike back to his neighborhood where he went to [a] MAC machine and withdrew $20.00. [L.H.] was killed soon thereafter. When police found him, the $20.00 was missing.

The investigation went cold and remained so for some time. In December of 2006, police received a letter outlining who and how the crime was committed. Although the letter was signed, police ascertained that the letter had been written by someone other than the person who allegedly signed it. Fingerprint analysis eventually led police to Mark Clark-Allen who admitted having prepared the letter.

Mr. Clark-Allen testified that he and [Appellant] were roommates on the day of the murder and that he was in bed when he heard shots outside his residence. Approximately ten or fifteen minutes after he heard the gunshots, he heard the voices of [Appellant] and two other males coming from the first floor of the residence. [Appellant] and the males were discussing the robbery of [L.H.] and Clark-Allen heard them state that they had just robbed [L.H.] of $20.00 and a gun he was licensed to carry while [L.H.] stood outside of a take-out Chinese restaurant waiting for food he had ordered.

The next morning, [Appellant] told Clark-Allen that following the robbery, [L.H.] followed him and the other two males home. Then, when [L.H.] knocked on the door, and asked that the gun be returned because it did not belong to him, [Appellant] related that he walked [L.H.] around the corner and shot him after [L.H.] charged at him.

[Appellant] was arrested on January 21, 2008, following a domestic dispute unrelated to the instant matter. Following [Appellant's] arrest, the police ascertained that [Appellant] was wanted for murder and, consequently, [Appellant] was transported to the Homicide Division of the Philadelphia Police Department where, after waiving his rights, he was interviewed and gave a statement concerning the incident. In that statement, [Appellant] claimed that he shot [L.H.] with [L.H.'s] gun after getting 'the jump' on [L.H.] and stripping him of his weapon.

Ballistic examination of evidence gathered at the scene and evidence taken from [L.H.]'s residence demonstrated that [Appellant] shot and killed [L.H.] with [L.H.'s] gun.

An autopsy of [L.H.]'s body revealed that he died as a result of having been shot five times including in his head at close range. Some of the wounds he suffered were to his hand and arm thereby demonstrating that he had raised them in a futile effort to block the bullets. In addition, it was discerned that he was shot while trying to flee. The manner of death was homicide.

*Commonwealth v. Wells*, No. 1659 EDA 2009, unpublished memorandum,

at 1-3 (Pa. Super. filed October 19, 2010) (citing Trial Court Opinion,

2/1/10, at 1-3), ***appeal denied***, 19 A.3d 1051 (Pa. 2011).  A jury convicted Appellant of first degree murder and possessing instruments of crime ("PIC").  The trial court sentenced Appellant to life imprisonment on the charge of murder and a concurrent two-and-one-half to five-year term of imprisonment for the PIC conviction.  Following the trial court's denial of his post-sentence motion, Appellant timely appealed to this Court.  On appeal, we affirmed the judgment of sentence.  On March 30, 2011, our Supreme Court denied Appellant's petition for allowance of appeal.

On March 28, 2012, Appellant *pro se* filed the instant PCRA petition. The PCRA court appointed counsel, who, on September 8, 2014, filed an amended petition, raising ineffective assistance of counsel claims.  In particular, Appellant argued that his appellate counsel was ineffective for failing to raise the denial of his suppression motion on direct appeal.  On January 5, 2016, following a Pa.R.Crim.P. 907 notice, the PCRA court denied Appellant relief for want of merit.  Appellant timely appealed to this Court.

On appeal,[1] Appellant raises a single issue for our review:

> Did the Honorable PCRA [c]ourt err when it dismissed [Appellant's] PCRA petition without holding a hearing where [Appellant] properly pled and would have been able to prove that he was entitled to relief?

---

[1] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014) (quoting ***Commonwealth v. Rainey***, 928 A.2d 215, 223 (Pa. 2007)).

- 3 -

Appellant's Brief at 3.

Appellant argues that his appellate counsel was ineffective for failing to pursue the denial of suppression of his statements on direct appeal. Appellant asserts that the police obtained the statements in violation of his right against self-incrimination.

A PCRA petitioner is entitled to relief if he pleads and proves that prior counsel rendered ineffective assistance of counsel. 42 Pa.C.S.A. § 9543(a)(2)(ii). "To prevail on an [ineffectiveness] claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice." *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*). "A petitioner must prove all three factors of the "*Pierce*[2] test," or the claim fails." *Id.*

Instantly, despite Appellant's argument that his ineffectiveness claim meets the arguable merit prong of the *Pierce* test, his brief is bereft of any discussion or argument with respect to the reasonable basis and prejudice prongs. As we recently emphasized, "[a] petitioner must prove all three factors of the *Pierce* test, or the [ineffectiveness] claim fails. In addition, on appeal, a petitioner *must adequately discuss all three factors* of the

---

[2] *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987).

*Pierce* test, or the appellate court will reject the claim." *Reyes-Rodriguez*, 111 A.3d at 780 (emphasis added) (citing *Fears*, 86 A.3d at 804)).  Thus, given Appellant's failure to discuss the reasonable basis and prejudice prongs on appeal, we must reject his ineffectiveness claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2017