J-S46034-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BRYAN MILLER | : | |
| | : | |
| Appellant | : | No. 3215 EDA 2017 |

Appeal from the PCRA Order, September 14, 2017,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0605031-2006.

BEFORE:  BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED OCTOBER 10, 2018**

Bryan Miller appeals from the order denying his first petition for relief pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The pertinent facts and procedural history are as follows: On May 29, 2009, Miller entered a *nolo contendere* plea to one count of possession of a controlled substance (cocaine) with intent to deliver.  That same day, the parties stipulated that the weight of the drug was 61 grams.  Pursuant to 18 Pa.C.S.A. § 7508(a)(3)(i), the trial court imposed a mandatory term of five to ten years of imprisonment.  Miller did not file a direct appeal.

On March 4, 2010, Miller filed a *pro se* PCRA petition.  The PCRA court appointed counsel, who subsequently filed an amended petition on May 9,

2012.  No action was taken on the amended petition for the next five years.[1]

On June 13, 2017, new counsel for Miller filed a second amended petition, without leave of court, in which he alleged that the trial court sentenced Miller to a mandatory minimum sentence in violation of **Alleyne v. United States**, 570 U.S. 99 (2013).  On July 25, 2017, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Miller's PCRA petition without a hearing. Miller did not file a response.  By order entered September 14, 2017, the PCRA court denied Miller's petition.  This appeal follows.  Both Miller and the PCRA court have complied with Pa.R.A.P. 1925.

Miller raises the following issue:

> 1. Was counsel ineffective for failing to raise the issue of [Miller's] being subject to an illegal mandatory minimum sentence?

Milller's Brief at 3.

Our scope and standard of review is well settled:

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party.  Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by

---

[1] The certified record does not reveal clearly the reasons for this lengthy delay, although several requests for continuance were filed by defense counsel, and counsel had changed more than once.  **See** PCRA Court Opinion, 2/7/18, at 2-3.

the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 779 (Pa. Super. 2015) (*en banc*) (citations omitted).

Miller raises a claim of ineffective assistance of counsel. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish, by a preponderance of the evidence, that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.*** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's act or omission prejudiced the petitioner. ***Id.*** at 533.

As to the first prong, "[a] claim has arguable merit where the factual averments, if accurate, could establish cause for relief." ***Commonwealth v. Stewart***, 84 A.3d 701, 707 (Pa. Super. 2013) (*en banc*). "Whether the facts rise to the level of arguable merit is a legal determination.'" ***Id.*** (citing ***Commonwealth v. Saranchak***, 866 A.2d 292, 304 n.14 (Pa. 2005).

Miller claims that trial "counsel failed to raise the illegal sentence issue on direct appeal. This was ineffective." Miller's Brief at 16. Additionally, he

is "challenging counsel's ineffectiveness rather than the illegal sentence itself." ***Id.*** According to Miller, "[t]he ***Apprendi***/***Alleyne*** principles had been announced by the U.S. Supreme Court prior to the judgment of sentence in this matter." ***Id.*** Thus, Miller claims that he is "entitled to a determination as to whether counsel was ineffective for failure to pursue the issue at trial and on direct appeal." ***Id.***

The PCRA court found no merit to Miller's claim. It concluded that it "was perfectly justified in dismissing the claim without a hearing because it was patently clear from a glance at the record that the underlying claim [of ineffectiveness] lacked merit." PCRA Court Opinion, 2/20/18, at 2. The PCRA court recognized that, essentially, Miller's argument "was that [Miller's] trial counsel should have objected to or moved to have his sentence vacated and to be resentenced because the court sentenced him pursuant to a mandatory sentencing statute which counsel should have anticipated would be deemed to be rendered unconstitutional pursuant to the decisions in ***Apprendi v. New Jersey***, [530 U.S. 466 (2000)], ***Alleyne v. United States***, [570 U.S. 1 (2013)], and ***Commonwealth v. Hopkins***, 632 Pa. 36, 117 A.2d 247 (2015)." PCRA Court Opinion, 2/20/18, at 2. The PCRA court then discussed these decisions, and concluded that, even though Section 7508 had subsequently been declared unconstitutional, Miller is not entitled to relief, because his illegal sentence claim was first presented "long after his judgment of sentence became final." ***Id.*** at 7.

The PCRA court further concluded that Miller's argument "that trial counsel should have drawn the conclusion himself that the statute was unconstitutional fails," because trial counsel cannot be deemed to have rendered ineffective assistance for failing to anticipate a change in the law. **See** PCRA Court Opinion, 2/20/18, at 12 (citing **Commonwealth v. Santiago**, 855 A.2d 682 (Pa. 2004)).

Finally, the PCRA court cited our Supreme Court's decision in **Commonwealth v. Washington**, 142 A.2d 810, 812 (Pa. 2016), for the proposition that "a new rule of law does not automatically render final, pre-existing sentences illegal." As noted by the PCRA court, our Supreme Court in **Washington** conducted a retroactivity analysis, and then held that "**Alleyne** does not apply retroactively to cases pending on collateral review, and that [Washington's] judgment of sentence, therefore, is not illegal on account of **Alleyne**." **Id.**

Here, the PCRA court concluded that Miller "commenced the proceeding timely, but he didn't raise an illegal sentencing issue. His counsel *sua sponte* inserted it just shy of eight years after his judgment [of sentence] became final." PCRA Court Opinion, 2/20/18, at 9. Our review of the record reveals that the PCRA court has correctly outlined the relevant case law and properly concluded that Miller's sentence was not rendered illegal by **Apprendi**/**Alleyne**.

Miller argues that his case is similar to our Supreme Court's more recent decision in **Commonwealth v. DiMatteo**, 177 A.3d 182 (Pa. 2018). He is mistaken. In **DiMatteo**, our Supreme Court clarified that **Alleyne** applies only to cases where the judgment of sentence was final prior to the **Alleyne** decision. **DiMatteo**, 177 A.3d at 192. In **DiMatteo**, the trial court denied DiMatteo's post-sentence motion only five days before the **Alleyne** decision. Thus, on appeal our Supreme Court held that "[b]ecause DiMatteo's sentence was rendered illegal **before his judgment of sentence became final** and he presented his claim in a timely petition for post conviction relief, he is entitled to have his illegal sentence remedied." **Id.** (emphasis added).

Although Miller's timely PCRA petition was still pending when the United States Supreme Court decided **Alleyne** in 2013, Miller's judgment of sentence became final in 2009, approximately four years before the **Alleyne** decision. **See Commonwealth v. Ciccone**, 152 A.2d 1004 (Pa. Super. 2016) (*en banc*) (rejecting a similar illegal sentence claim when Ciccone's judgment of sentence became final before **Alleyne** was decided). Thus, Miller's illegal sentence claim is controlled by **Washington**, **supra**, and, his derivative ineffective assistance of counsel claim fails.[2] **See Commonwealth v. Loner**,

---

[2] To the extent Miller claims trial counsel should have relied on **Apprendi**, **supra**, to raise the illegal sentence claim, we note that **Apprendi** has never been held to apply retroactively. **See Washington**, 142 A.3d at 814, 815 n.5; **see also Ciccone**, **supra**.

836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*) (holding counsel cannot be deemed ineffective for failing to pursue a meritless claim).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/18