J-S62025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CALVIN CORTEZ LUDY | : | |
| | : | |
| Appellant | : | No. 570 WDA 2019 |

Appeal from the PCRA Order Entered, April 15, 2019,
in the Court of Common Pleas of Venango County,
Criminal Division at No(s): CP-61-CR-0000332-2016.

BEFORE: PANELLA, P.J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.: **FILED JANUARY 06, 2020**

Calvin Cortez Ludy appeals from the order denying his first petition for relief pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The pertinent facts and procedural history are as follows: As a result of his participation in criminal activity related to a drug operation, the Commonwealth originally charged Ludy with two counts of corrupt organizations, criminal conspiracy and various drug-related offenses. Ludy was on state parole when he committed these crimes. On May 9, 2017, Ludy entered a negotiated plea agreement to one count of criminal conspiracy and one count of possession with intent to deliver (cocaine). On July 10, 2017, the trial court sentenced Ludy to the negotiated aggregate sentence of 4½ to

9 years of imprisonment. Ludy filed neither post-sentence motions nor a direct appeal.

On August 8, 2018, Ludy filed a *pro se* PCRA petition in which he claimed that his trial counsel was ineffective for inducing him into entering a guilty plea to an illegal sentence. The PCRA court appointed counsel, and an evidentiary hearing was held on March 29, 2019. By order entered April 15, 2017, the PCRA court dismissed Ludy's petition. This appeal followed. Both Ludy and the PCRA court have complied with Pa.R.A.P. 1925.

Ludy raises the following issue on appeal:

> I. Whether the PCRA court erred as a matter of law or abused its discretion, when finding that the sentence was legal and that [Ludy] received the benefit of the bargain because [Ludy] did not receive a sentence as promised in the plea agreement.

Ludy's Brief at 5.[1]

Our scope and standard of review is well settled:

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

_____

[1] Despite the grant of an extension of time, the Commonwealth has failed to file a brief.

***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 779 (Pa. Super. 2015) (citations omitted).

Although not phrased as such in the above issue in his brief, Ludy argues that his trial counsel was ineffective for inducing him to enter his plea. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish, by a preponderance of the evidence, that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.*** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's act or omission prejudiced the petitioner. ***Id.*** at 533.

In support of his issue, Ludy contends:

> [Ludy] through trial counsel entered into a plea for a sentence to start on the date of the sentencing hearing. The [C]ommonwealth agreed to this sentence and entered into a plea agreement with [Ludy]. The [C]ommonwealth received the benefit of not spending resources to prove the case at trial. [Ludy] should have received the benefit of a structured sentence. The trial court accepted the plea and sentenced [Ludy]. The [C]ommonwealth received the benefit of the bargain but [Ludy] did not due to 61 Pa.C.S.A. § 6138(a)(5)(i). The [C]ommonwealth, the court and [trial counsel] knew or should have known of this statute, which would place the sentence after the Pennsylvania State

> Probation and Parole Board sentence, and despite this knowledge permitted [Ludy] to enter a plea under false pretenses, which prevented [Ludy] from receiving the benefit of the bargain of the plea agreement, which would have been a structured sentence.

Ludy's Brief at 7.

In making his argument, Ludy claims that his case is controlled by this Court's recent decision in **Commonwealth v. Kelley**, 136 A.2d 1007 (Pa. Super. 2016). In that case, Kelley and the Commonwealth entered into a plea agreement with the explicit provision that Kelley's new term of imprisonment would run concurrently with parole back time in a separate conviction. Subsequently, the Pennsylvania Department of Corrections refused to run the sentences concurrently, because doing would violate 61 Pa.C.S.A. Section 6138(a)(5)(i), which provides, "where a state parolee gets a new state sentence, he must serve his back time first before commencement of a new state sentence. **Kelley**, 136 A.3d at 1103. In his appeal from the denial of his PCRA petition, Kelley claimed that his counsel was ineffective for negotiating a plea bargain that could not be enforced. We agreed, stating Kelley "entered into an agreement with the Commonwealth to plead guilty in exchange for a definite sentence with a specific start date. **Id.** at 1014. Thus, this Court concluded that Kelley's plea was invalid due to plea counsel's ineffectiveness for advising him to accept a plea bargain that called for an illegal sentence. We therefore reversed the order denying post-conviction relief, vacated his judgment of sentence and remanded for further proceedings. **Id.**

Here, the PCRA court found **Kelley** distinguishable because unlike the facts of that case, Ludy "was not deprived of the benefit of bargain." PCRA Court Opinion, 4/15/19, at 6. The court explained:

> The defendant in **Kelley** had a plea agreement that explicitly stated the sentence would begin on a certain date, and when his sentence did not start on that date, he was deprived of a portion of his negotiated plea. Thus, the defendant's attorney's failure to explain the order of sentencing was deficient, and warranted granting the PCRA. Here, [Ludy] did not specifically negotiate the date the [new] sentence will begin, therefore, counsel was not ineffective in failing to explain the order of sentences to [Ludy].

**Id.** We agree.

Here, Ludy is unable to point to anything in the record to show his plea agreement contained **any** negotiated terms related to his parole violation. Our review of the record reveals that, while the trial court awarded Ludy credit for time served, **see** N.T., 7/10/17, at 16, there is no indication that the time credit was made in contradiction to the section 6138(a)(5)(i), or as a key component of his guilty plea. Because Ludy's ineffectiveness claim lacks merit, and because he indicates no other reason to invalidate his negotiated guilty plea, we affirm the PCRA court's order denying him post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/6/2020