**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| THILIP KUMAR RAVILLA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEERTHY PULIME | : | No. 697 MDA 2024 |

Appeal from the Order Entered April 16, 2024
In the Court of Common Pleas of Cumberland County Civil Division at
No(s):  2023-09454

BEFORE:  BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY BOWES, J.:                    **FILED: NOVEMBER 19, 2024**

Thilip Kumar Ravilla ("Father") appeals the April 16, 2024 order that awarded Keerthy Pulime ("Mother") (collectively, "Parents") sole legal custody and primary physical custody of Parents' biological daughter, J.R. ("Child"), born April 2022.  The order also granted Mother's request for permission to relocate with Child to the Republic of India ("India").  We affirm.

We gather the relevant factual and procedural history of this matter form the certified record.  Parents are both Indian nationals.  Father began living and working in the State of Washington in December 2012 as a systems administrator on a specialized visa.  *See* N.T., 3/14/24, at 19-20.  Parents were married on November 25, 2020, in India and Mother subsequently relocated to Father's residence in Redmond, Washington, in October 2021 on a dependent visa.  *See id*. at 21-23.  Following Child's birth in April 2022, Parents' relationship began to rapidly deteriorate.  In February 2023, Father

struck Mother in the face during an argument, which resulted in the entry of a protection from abuse ("PFA") order by Washington authorities.[1] *See id*. at 28-29; *see also* Mother's Exhibits 4-6.

Shortly after the entry of the PFA order, Mother and Child relocated to Pennsylvania to be near members of Mother's immediate family. *See* N.T., 3/14/24, at 32-33. Similarly, in September 2023, Father took a new job and moved to Irving, Texas. *See id*. at 18-19. We discern that Parents' arguable attempts at reconciliation during this time period were unsuccessful.

On November 8, 2023, Father filed a complaint for custody in the Cumberland County Court of Common Pleas requesting shared legal and physical custody of Child. On December 9, 2023, Father traveled to Pennsylvania in an attempt to see Child and reconcile with Mother, which resulted in an acrimonious confrontation between Father and Mother's family. *See id*. at 42-48. The next day, Mother obtained a temporary PFA against Father, which was ultimately extended to three years. *See id*. at 49-50; *see also* Custody Conciliation Summary Report, 1/29/24, at ¶ 3.

The trial court issued an interim custody order that, *inter alia*, awarded Mother primary physical custody of Child, while providing Father with periods of partial physical custody on the last weekend of every month.

---

[1] Father was charged with the Washington state crime of fourth-degree assault in connection with these events. *See* Mother's Exhibit 5. In August 2023, however, these charges were ultimately dismissed after Mother failed to appear for a hearing on the matter. *See* N.T., 3/14/24, at 32.

On February 2, 2024, Mother filed a petition for custody modification requesting sole legal and physical custody of Child. Additionally, Mother also averred that her dependent visa would expire on September 18, 2024, and requested leave to take Child and return to India. **See** Petition for Modification, 2/2/24, at 1 (unpaginated) ("My visa will be expired on 09/18/24. I would like to take my child with me to my country."). On February 15, 2024, Mother submitted notice of her proposed relocation.

The trial court held custody hearings on March 14 and April 9, 2024. Therein, Parents each testified. Additionally, Mother's brother-in-law, Venkat Ankem, and Mother's sister, Saroja Ankem, also testified. Finally, Mother admitted into evidence various documents related to the PFA proceedings in Washington. As they did throughout the proceedings in the trial court, Parents appeared *pro se* and were not represented by counsel.[2]

On April 15, 2024, the trial court filed an order that granted, in part, Mother's petition for modification and similarly granted her request to relocate to India. Specifically, the court awarded Mother sole legal custody and primary physical custody of Child. **See** Order of Court, 4/15/24, at ¶ 1. Father was awarded partial physical custody of Child for ten hours of supervised custody per week, although the order required him to travel to India in order

---

[2] On May 1, 2024, Father obtained the services of an attorney to assist in the instant appeal. Counsel filed a brief on July 22, 2024, but we subsequently granted counsel permission to withdraw his appearance in this Court.

to exercise that entitlement. ***See id***. at ¶ 2. Attached to the trial court's final custody order was an exhaustive discussion of the custody and relocation factors set forth at 23 Pa.C.S. §§ 5328(a) and 5337(h).

On May 14, 2024, Father filed a timely notice of appeal along with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). On June 20, 2024, the trial court submitted a responsive opinion pursuant to Rule 1925(a)(2)(ii), which largely referred to the reasoning already set forth in its extensive April 15, 2024 filing.

In his counseled brief, Father has raised six issues for our consideration, which he has elected to frame, as follows:[3]

> 1. The trial court erred and/or abused its discretion by entering into a [c]ustody [o]rder that was tantamount to termination of parental rights without providing due process as required under 42 Pa.C.S. § 6351 and 23 Pa.C.S. § 2511.
>
> 2. The trial court erred and/or abused its discretion by granting Mother sole legal custody, and limiting Father's physical custody to ten (10) hours of supervised custody per week, without considering the risk of a *de facto* abduction of the minor child, to a country that is not a member of the HAGUE convention, such that Father will have no realistic and effective way to stay in touch with the child, or even to know of the child's health, safety, and well-being.
>
> 3. The trial court erred and/or abused its discretion by giving undue weight to the temporary PFA [o]rder issued in the [S]tate of Washington in February of 2023, which order was not subjected to timely due process, but which order did, effectively, lead to the subsequent PFA [o]rder in Pennsylvania.

---

[3] Although Father's brief lists seven separate appellate issues, we note that the fifth and sixth issues are identical. ***See*** Father's brief at 5-6.

4.     The trial court erred and/or abused its discretion in that it failed to set a timeframe, or establish a future date on which Mother could relocate with the child to India, such that Mother left the jurisdiction immediately after the trial court order was entered, and presently, pending the instant appeal, Mother has already relocated with the minor child to India, thereby effectively absenting herself from these proceedings, and also removing the child from any realistic or effective contact/communication with Father.

5.     The trial court erred and/or abused its discretion with regard to its analysis of child custody factor number three (23 Pa.C.S. § 5328(a)(3)), regarding the parental duties performed by each party, because the [c]ourt failed to recognize and account for the fact that Father was prejudiced by Mother's unilaterally taking the minor child away from him, thereby no allowing him the opportunity to perform parental duties with regard to the minor child.

6.     The trial court erred and/or abused its discretion with regard to its analysis of the child custody factor number 4 (23 Pa.C.S. § 5328(a)(4)), regarding the need for stability and continuity in the child's life, because the [c]ourt failed to recognized and account for the fact that Father was prejudiced by Mother's unilaterally taking the minor child away from him, effectively removing Father from the child's life, and thereby illicitly tilting stability and continuity for the child in her favor.

Father's brief at 4-6 (cleaned up; issues reordered) (unpaginated).[4]

Our standard and scope of review in this context is well-established:

Our standard of review over a custody order is for a gross abuse of discretion.  Such an abuse of discretion will only be found if the trial court, in reaching its conclusion, overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or

---

[4] Following oral argument, Father filed in this Court a "Petition to Submit Exhibits and Supplemental Brief" that referenced a video recording that was never presented as evidence, considered by the trial court, or included in the certified record.  Father asserts that the video would provide context to photographs that Mother presented to the trial court.  As we cannot consider what is not of record, Father's application for relief is denied.

reaches a conclusion that is the result of partiality, prejudice, bias, or ill-will as shown by the evidence of record.

In reviewing a custody order, we must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the trial court who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*Rogowski v. Kirven*, 291 A.3d 50, 60-61 (Pa.Super. 2023) (cleaned up).

The argument section of Father's brief is devoid of citations to either relevant legal authorities or to the certified record. *See* Father's brief at 12-19. There is a single citation in the entirety of this portion of Father's brief, which refers to an irrelevant section of the United States Code concerning immigration.[5] *See id*. at 12 (citing 8 U.S.C. § 1225). Compounding these deficiencies, Father's bald arguments are significantly disorganized and suffer from lack of development. Even where an argument is discernible, there are no references to legal or factual sources in support.

The absence of citations, legal analysis, and cogent argument constitutes a significant violation of the provisions of Pa.R.A.P. 2119, which

---

[5] Father's arguments also contain references to the "Hague Convention," which we believe refers to the Hague Convention on the Civil Aspects of International Child Abduction. *See* Father's brief at 13-14, 19. In the absence of citations, however, we can only speculate as to Father's actual meaning.

this Court has long interpreted as requiring citations to both pertinent legal authorities and to the certified record. *See **Commonwealth v. Armolt***, 294 A.3d 364, 377 (Pa. 2023) ("Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived. It is not the obligation of an appellate court to formulate [an] appellant's arguments for him." (cleaned up)). We are also mindful that "[w]hen an appellant cites no authority supporting an argument, this Court is inclined to believe there is none." ***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 781 (Pa.Super. 2015) (citing Pa.R.A.P. 2119).

Based upon the foregoing, we hold that Father has waived his appellate arguments for lack of support and want of development. ***See B.S.G. v. D.M.C.***, 255 A.3d 528, 535 (Pa.Super. 2021) (holding a father waived claims in custody appeal by failing to support his arguments "by reference to the record and citation to authority"). Thus, we affirm the custody order.

Order affirmed.  Application for relief denied.

Judgment Entered.


_____
Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>11/19/2024</u>