J-S56021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GERALD WATERS | : | |
| | : | |
| Appellant | : | No. 3150 EDA 2019 |

Appeal from the PCRA Order Entered October 7, 2019,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0308691-2006.

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                    Filed: March 5, 2021

Gerald Waters appeals *pro se* from the order denying his first timely petition filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The PCRA court summarized the pertinent facts and procedural history as follows:

On June 10, 2004, the victim, Aaron Kelly was shot and killed while walking home from a friend's house with his six (6) year old son "Little Aaron."  He was killed by Kevin Sampson, an employee of [Waters], at [Waters'] behest and direction.  Prior to this murder, [Waters] had long made it known both to his girlfriend, Erica Johnson, and the victim that he was upset over their continued involvement together in the life of their son, Little Aaron, whom the victim and Ms. Johnson had together from their previous relationship.  In November, 2004, while the police were still investigating the murder, [Waters] was sentenced to ten (10) months [of]

_____

[*] Retired Senior Judge assigned to the Superior Court.

incarceration in the Federal Detention Center for violating the terms of his probation for threats he made against the victim's family prior to the murder. Eventually, [Waters] was charged with the murder and brought to trial.

At [Waters'] trial, Ms. Johnson testified that during one of her visits with [Waters] in December of 2004 at the prison, he confessed to her that he had one of his employees, Kevin Sampson, shoot and kill the victim. [Sampson died in a car accident prior to Waters' confession to Ms. Johnson]. Further, at [Waters'] trial there were numerous witnesses who testified as [to Waters'] history of physical violence towards Ms. [Johnson] especially as it related to his anger over Ms. Johnson's continued involvement with the victim. Evidence also was presented to the jury as to threats made against the victim and his family by [Waters]. Further, at trial evidence was submitted to the jury as to statements made by Little Aaron that [Waters] and another man were ["]running between the cars parked on the street" when his father was killed and that he heard [Waters'] voice telling him to "run" prior to shots being fired.

On July 25, 2008 [Waters] was found guilty of first degree murder, possessing instrument of crime, and criminal conspiracy for the shooting death of Aaron Kelly and sentenced to life in prison without the possibility of parole. Thereafter, on October 6, 2008, [Waters] filed an appeal to our Superior Court following the trial court's denial of his post-sentence motions. Our Superior Court affirmed [Waters'] Judgment of Sentence on April 7, 2011. On February 9, 2012 [Waters'] Petition for Allowance of Appeal was denied by our Supreme Court.

PCRA Court Opinion, 5/27/20, at 1-2 (footnote omitted).

Waters filed a timely *pro se* PCRA petition on July 20, 2012, and the PCRA court appointed counsel. On May 30, 2014, PCRA counsel filed an amended PCRA petition. Thereafter, Waters filed a petition to proceed *pro se*

and, following a ***Grazier***[1] hearing held on August 4, 2017, the PCRA court granted Waters' request.

Waters filed an amended *pro se* PCRA petition on September 26, 2017. The Commonwealth filed a motion to dismiss Waters' amended petition on June 28, 2018. On August 12, 2019, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Water's amended PCRA petition. Waters did not file a response. By order entered October 7, 2019, the PCRA court dismissed Waters' amended PCRA petition. This timely appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Waters raises three issues on appeal, which we reproduce verbatim:

I.  Did the PCRA court err in it's manifest unreasonable decision to dismiss [Waters'] petition claim of ineffective assistance of counsel inasfar as counsel was not effective in his failure to object to the trial court's hypothetical jury instruction on reasonable doubt that elevated the level of doubt necessary to secure an acquittal has not merit[.]

II.  Did the PCRA court err in it's manifest unreasonable decision to dismiss [Waters'] petition claim of ineffective assistance of counsel inasfar counsel was not effective in his inadvertence and/or ignorance to the exculpatory police issued Glock [9mm] murder weapon not being found anywhere, with respect to this circumstantial case, having no merit[.]

III.  Did the PCRA court err in it's manifest unreasonable decision to dismiss [Waters'] petition claim of ineffective assistance of counsel inasfar as counsel was not effective in his failure to object to the trial court's cumulative abuses of discretion; mis-

[1] ***Commonwealth v. Grazier***, 718 A.2d 81 (Pa. 1998).

- 3 -

application of law; or trial counsel's failure to seek disqualification or recusal of the presiding jurist due to partiality and bias during trial having no merit[.]

Waters' Brief at 5-6.[2]

Our scope and standard of review is well settled:

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

**Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775, 779 (Pa. Super. 2015)

(*en banc*) (citations omitted).

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

_____

[2] In reciting Waters' issues, we have omitted the multiple sub-issues Waters provided as to each issue. In its Rule 1925(a) opinion, the PCRA court set forth verbatim the errors Waters asserted in his Rule 1925(b) statement. To the extent that Waters failed to raise any of these more specific claims in his statement, they are waived. **See generally**, **Commonwealth v. Pukowsky,** 147 A.3d 1229 (Pa. Super. 2016).

*Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

All of Waters' issues challenge trial counsel's ineffectiveness. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) the petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010).

The PCRA court has authored a thorough and well-reasoned opinion pursuant to Rule 1925(a). The Honorable Charles A. Ehrlich has addressed each of Waters' ineffectiveness claims with proper citation to legal authorities and citation to the certified record. As we discern no legal errors in Judge

Ehrlich's analysis, and we find his factual findings and credibility determinations fully supported by our review of the record, we adopt Judge Ehrlich's 1925(a) opinion as our own in affirming the order denying Waters post-conviction relief. *See* PCRA Court's Opinion, 5/27/20, at 5-11 (rejecting as meritless Waters' claim that trial counsel was ineffective for failing to object to trial court's reasonable doubt instruction); at 11-12 (rejecting Waters' claim regarding where the alleged murder weapon was found because it had no relevance to his participation in the murder); and at 12-13 (concluding that a review of the trial transcripts refutes Waters' claim of court bias).[3]

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/5/21

_____

[3] The parties are directed to attach Judge Ehrlich's May 27, 2020 opinion to this memorandum in any future appeal.