J-S02030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIANNA BURNS | : | |
| | : | |
| Appellant | : | No. 289 EDA 2020 |

Appeal from the PCRA Order Entered December 11, 2019,
in the Court of Common Pleas of Bucks County,
Criminal Division at No(s): CP-09-CR-0006234-2016.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIANNA BURNS | : | |
| | : | |
| Appellant | : | No. 290 EDA 2020 |

Appeal from the PCRA Order Entered December 11, 2019,
in the Court of Common Pleas of Bucks County,
Criminal Division at No(s): CP-09-CR-0000249-2016.

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:                    Filed: March 25, 2021

Brianna Burns appeals from the order denying her first petition for relief filed under the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46. We affirm.

Burns entered open guilty pleas to various drug-related crimes at two separate dockets. The PCRA court summarized the pertinent facts at Case No. 6234-2016 as follows:

In November, 2015, [Burns'] addiction to drugs was spiraling out of control. Despite two previous stays at a residential program, her life was "controlled by drugs" and she was "slipping away, physically, emotionally, and mentally. She was unemployed and sold drugs to make money. On November 1, 2015, [Burns] purchased approximately thirty blue pills in Camden, New Jersey. That evening, she swallowed three of the pills, passed out on the floor and "almost died." The next day, November 2, 2015, she knew something was wrong with the pills. Nonetheless, she met with one of the victims near the A & N Diner in Sellersville, Bucks County and sold him six pills. Later in the same day, she met another person and sold him three pills. [Burns] used her cell phone to arrange both transactions. According to [Burns], she told both purchasers to be careful because she had not "felt right" after taking the pills the night before.

The next day, November 3, 3015, Pennsylvania State Police responded to a residence in Trumbauersville, Bucks County, for the death of a young male. A small blue pill was found on a kitchen counter next to a rolled up $5 bill. Also found was a cell phone that showed its last communication to be a text between the deceased and a friend. The friend was interviewed and admitted he purchased three blue pills from [Burns] on November 2, 2015. He sold two of the pills to the deceased who immediately snorted one through his nose. The friend swallowed the third pill and later became very sick.

Also on November 3, 2015, Upper Perkjomen Police responded to the scene of a deceased young man found in the garage of his residence. This person was identified as the individual who purchased six pills from [Burns] near the A & N Diner in Sellersville the previous day.

Autopsies of both victims determined their deaths to be related to narcotics abuse and the adverse effects of drugs.

> Toxicology reports confirmed both victims had fentanyl and acetyl fentanyl in their blood at the time of their death.

PCRA Court Opinion, 8/7/20, at 1-2 (citations omitted; some formatting altered). Police arrested Burns on June 29, 2016. On May 8, 2017, Burns entered an open guilty plea to all of the charges.

The PCRA court summarized the pertinent facts at Case No. 0249-2016 as follows:

> [O]n November 19, 2015, [Burns] engaged in telephone text exchanges and conversations with an undercover police officer wherein she agreed to sell a quarter ounce of marijuana for $150.00. [Burns] met the officer in a parking lot in Bucks County to complete the transaction. During this meeting, the officer asked [Burns] if she had any pills for sale. She replied she had oxycodone pills for $30 each. The officer purchased two blue pills and observed [Burns] in possession of an additional 8-10 similar pills. The suspected [oxycodone pills and marijuana] were sent to a laboratory and tested positive.

*Id.* at 2. Police arrested Burns on December 7, 2015. On April 4, 2016, she entered an open guilty plea to all of the charges.

On July 25, 2017, the sentences the trial court imposed at both dockets resulted in an aggregate sentence of 9-18 years of incarceration. Burns filed neither a post-sentence motion nor a direct appeal. On July 21, 2018, Burns filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, and PCRA counsel filed an amended petition on February 7, 2019. Thereafter, the Commonwealth filed an answer. The PCRA court held an evidentiary hearing on November 25, 2019. At the hearing Burns and her mother testified, and the Commonwealth called trial counsel. By order entered December 11, 2019,

the PCRA court denied Burns' PCRA petition. This timely appeal followed. Both Burns and the PCRA court have complied with Pa.R.A.P. 1925.

Burns raises the following issue on appeal:

A. Did the [PCRA] court err in denying [Burns' PCRA] petition where trial counsel was ineffective for failing to file a post-sentence motion on behalf of [Burns]?

Burns' Brief at 4 (excess capitalization omitted).

Our scope and standard of review is well-settled:

In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 779 (Pa. Super. 2015) (*en banc*) (internal citations and quotations omitted).

Burns' only issue raises a claim of trial counsel's ineffectiveness. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.***

This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) the petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010).

Burns claims that she is entitled to the reinstatement of her post-sentencing rights because "[t]rial counsel misapprehended the law in advising [Burns] that she could receive an increased sentence as a result of filing a reconsideration motion." Burns' Brief at 10 (citing *Commonwealth v. Coleman*, 226 A.3d 598 (Pa. Super. 2020)). Burns further contends that she "relied upon this advice in deciding not to pursue a post-sentence motion." *Id.* According to Burns, because she did not file a post-sentence, "she was unable to file a direct appeal challenging the discretionary aspects of sentence." *Id.* at 15.

Before considering the merits of this specific claim, we must first determine whether it is properly before us. The Commonwealth contends that Burns' waived her claim that trial counsel's erroneous legal advice caused her to forgo the filing of a post-sentence motion because she did not raise it in either her amended PCRA petition or her Rule 1925(b) statement. *See* Commonwealth's Brief at 9. Our review of the certified record supports both

of these contentions. **See Commonwealth v. Elliott**, 80 A.3d 415, 430 (Pa. 2013) (holding that claim alleging trial counsel's ineffectiveness was waived because it was not included in the PCRA petition); **Commonwealth v. Pukowsky**, 147 A.3d 1229, 1236-37 (Pa. Super. 2016) (finding claim waived when it was not raised with specificity in the Rule 1925(b) statement.

In its Rule 1925(a) opinion, the PCRA court addressed the claim Burns actually raised in her Rule 1925(b) statement—whether trial counsel was ineffective for discouraging her from filing a motion for sentence reconsideration because she "had additional information to provide the Court and where [her] co-defendant sought and received such relief from the Court (via a Motion to Reconsider Sentence) in the form of a lesser sentence?" **See** PCRA Court Opinion, 8/7/20, at 4.[1]  Thus, because Burns inappropriately raises a new claim for the first time on appeal, it is waived. **See** Pa.R.A.P. 302(a).

Even had Burns properly preserved her claim, and met the first two prongs of the ineffective assistance of counsel test, **Johnson**, **supra**, she would still not be entitled to relief because, as the PCRA court found, she could not establish actual prejudice.

Burns' bare assertion that she suffered "actual prejudice" because her sentencing claim was not preserved on appeal is unavailing.  In **Reaves**, 923

---

[1] The PCRA court found this claim lacked arguable merit.  **See** PCRA Court Opinion, 8/7/20, at 10-11.

A.2d 1119 (Pa. 2007), our Supreme Court addressed whether a PCRA petitioner whose counsel failed to file a motion to reconsider sentence suffered prejudice. There, the Superior Court had "summarily concluded" that prejudice was presumed because counsel's inaction "effectively waived [Reaves'] right to challenge this issue on appeal." *Reaves*, 923 A.2d at 1123 (citing *Reaves*, 3190 EDA 2003, unpublished memorandum at 4-5).

Our Supreme Court disagreed. Instead, the High Court held that a PCRA petitioner raising a claim of ineffectiveness regarding counsel's failure to file a motion for reconsideration must establish **actual** prejudice. *See Reaves*, 923 A.2d at 1130. Specifically, the Court held that a PCRA petitioner must show that filing the motion would have led to a more favorable sentence:

> The Commonwealth argues that the Superior Court's prejudice analysis misses the mark because the panel improperly focused on the effect of counsel's inaction upon the [**appeal**], rather than looking to the outcome of the underlying [proceeding] itself. The Commonwealth is correct. Although contemporaneous objections operate to preserve issues for appellate review, they serve an equally important function in **obviating** appeals by affording the trial court a timely opportunity to correct mistakes and/or to reconsider decisions. Whether [counsel] can be deemed ineffective, then, depends upon whether [a defendant] has proven that a motion to reconsider sentence if filed . . . would have led to a different and more favorable outcome at [sentencing]. In this context, the only way the proceeding would have been more favorable would be if counsel's objection secured a reduction in the sentence. The Superior Court panel erred as a matter of law in failing to appreciate the actual focus of the [actual] prejudice standard.

*Reaves*, 923 A.2d at 1131-32 (emphasis in original; footnote omitted).  Our

Supreme Court further concluded that the PCRA petitioner did not establish

actual prejudice, since "[on] this record, there is no reason to believe that, if

only counsel had asked for a statement of reasons for the sentence at the

[time of sentencing] that statement or explanation alone would have led the

court to reduce the sentence").  *Id.* at 1132.

Here, the PCRA court explained that Burns did not establish that, had

trial counsel filed the motion for reconsideration, the court would have

imposed a lesser sentence.  The PCRA court explained:

> We originally sentenced [Burns] on July 25, 2017.
> During that process, we learned facts that aggravated her
> situation but mitigated the involvement of her co-defendant
> who we sentenced on May 8, 2017.  We now state, without
> equivocation, that we would not have granted [Burns'] post-
> sentence Motion for Reconsideration of Sentence if one had
> been filed.  [Burns'] circumstances were very different from
> her co-defendant.  The length and depth of her involvement
> in criminal activity was much greater.  She showed less
> remorse.  Accordingly, we concluded that [Burns] had failed
> to establish the third prong of the ineffectiveness of counsel
> test, i.e., that she suffered actual prejudice from trial
> counsel's omission.

PCRA Court Opinion, 8/7/20, at 12-13.

Our review of the record supports the PCRA court's conclusion that a

motion for sentence reconsideration would have been futile.[2]  In addition, the

_____

[2] Burns argues that the PCRA court's assertion that it would not have reduced
her sentence "is speculative at best" because the court "had no way of
knowing what additional evidence or arguments may have been presented at

record supports the PCRA court's statement that Burns "fail[ed] to accept the fact that she is directly responsible for the death of two young men," and that she delivered the drugs after she "almost died" from taking them herself. **_Id._** at 13. Finally, the trial court noted that Burns continued to sell drugs after she learned of these deaths. **_Id._** Given these circumstances, the PCRA court did not err in dismissing Burns' ineffectiveness claim.

In sum, the PCRA court correctly determined that Burns did not establish her claim of trial counsel's ineffectiveness, and the PCRA court properly dismissed her amended PCRA petition. We therefore affirm the PCRA court's order denying post-conviction relief.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/25/21

---

a post-sentence motion hearing." Burns' Brief at 16. Burns' claim is misguided, as **_Reaves, supra_**, requires her to prove that the filing of the motion would have resulted in a reduced sentence.