J-S23006-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TERRELL LEE DOUGLAS | |
| Appellant | No. 243 MDA 2022 |

Appeal from the PCRA Order Entered January 11, 2022
In the Court of Common Pleas of Berks County
Criminal Division at No.: CP-06-CR-0004313-2016

BEFORE: STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.: **FILED OCTOBER 13, 2022**

Appellant Terrell Lee Douglas appeals from the January 11, 2022 order of the of the Court of Common Pleas of Berks County ("PCRA court"), which denied his petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

The facts and procedural history of this case are undisputed. As recounted by the PCRA court:

> On September 12, 2016, Berks County Probation Officers traveled to the premises located at 717 Locust Street in the City of Reading ("the Property") to conduct a home visit on Lidia Burgos, a parolee residing in the third-floor apartment of the Property ("the Apartment"). Ascending the stairs to the Apartment, the officers detected the odor of burnt marijuana emanating from the vicinity of the second floor of the building. Arriving at the Apartment, the officers discovered [Appellant], who was [Ms.] Burgos' boyfriend, lying on her bed and underneath

---

[*] Retired Senior Judge assigned to the Superior Court.

the sheets. The officers confirmed that [Appellant] was the subject of an active State Parole warrant, and he was taken into custody and removed.

Because of the odor of burnt marijuana, the officers received permission from their supervisor to do a visual search of the bedroom. On the floor, the agents observed a plastic bag containing ammunition. A further search of the room yielded a loaded Colt .45 handgun, located between the mattress and box spring upon which [Appellant] was lying when they entered. Also found in the room were a cell phone belonging to [Appellant], two pieces of mail addressed to him at different addresses, and a suitcase containing men's clothing and sneakers.

Subsequent to his arrest, [Appellant] admitted to officers of the Reading Police Department that the gun and ammunition belonged to him. [Ms.] Burgos, the initial subject of the home visit, denied any knowledge as to how the gun made its way beneath her mattress or to whom it belonged. The matter proceeded to trial on May 15, 2017, [at] which [Appellant] testified that the handgun actually belonged to a deceased friend of his, Joseph Caston, and that his prior false confession was made only to protect [Ms.] Burgos from potential consequences of a parole violation.

[Appellant's] trial counsel, Kathleen Dautrich, Esq., also called Charity Young, Caston's mother and the owner of the Property. [Ms.] Young testified that Caston owned the handgun that was found prior to his death, but that on the night of Caston's death, he left his gun at the Property prior to going out with friends. The defense did not present any further witnesses.

On May 16, 2017, the jury convicted [Appellant] of one count of possession of a firearm prohibited pursuant to 18 Pa. C.S.A. § 6105 (a)(1). That same day, [Appellant] was sentenced to a total term of incarceration in the custody of the Bureau of Corrections of not less than five nor more than ten years, and credited for 246 days of time served.

On May 26, 2017, trial counsel, filed timely post-sentence motions seeking judgment of acquittal or, in the alternative, a new trial. Th[e] court denied the post-sentence motions by order dated May 30, 2017. Trial counsel filed a motion to withdraw on June 6, 2017, and th[e] court granted the motion on June 7, 2017.

On June 23, 2017, Michael Nuccio, Esq. of the Berks County Public Defender's Office ("Appellate Counsel") filed a timely appeal on [Appellant's] behalf to the Superior Court. In its March 27, 2018 memorandum [decision], the Superior Court affirmed [Appellant's] judgment of sentence. No further appeal was taken.

On March 18, 2019, [Appellant] filed a timely *pro se* PCRA petition[.] Lara Glenn Hoffert, Esq. ("PCRA Counsel") was appointed by the court to represent [Appellant]. On May 19, 2021, PCRA Counsel filed a revised amended petition for relief[.] The amended petition alleged ineffective assistance of trial counsel based upon two specific grounds for relief. The first was the claim that trial counsel was ineffective for failure to call [Ms.] Burgos as a defense witness during [Appellant's] trial. The second was the claim that trial counsel both failed to communicate the terms of plea offers made by the Commonwealth, and failed to discuss with [Appellant] the merits of any such offers.

Hearing was held on the [Appellant's] petition on September 16, 2021. Prior to the commencement of testimony, PCRA Counsel withdrew the claim that trial counsel failed to reveal to or discuss with [Appellant] the plea offers made by the Commonwealth. Thus, the hearing proceeded on the sole issue of whether trial counsel was ineffective for failure to call [Ms.] Burgos as a witness at [Appellant's] jury trial. At the September 16, 2021 hearing, PCRA Counsel called both [Appellant] and [Ms.] Burgos as witnesses. The Commonwealth called trial counsel as its sole witness.

[Appellant] testified that he wanted both the owner of the building and [Ms.] Burgos to testify on his behalf at trial. He further said that he was given no explanation by trial counsel as to why she was [not] called.

[Ms.] Burgos stated, in her testimony that she spoke to trial counsel multiple times prior to trial, and expected to be called to testify. She would have testified that the gun was owned by Joseph Caston. She said she knew this because he told her he was going to leave the gun "upstairs," and that she did not want him to do that since she was on parole.

On cross-examination, [Ms.] Burgos admitted that she knew the gun remained under the mattress after Caston had died, but stated that she left the gun for fear of getting her fingerprints on the weapon. Conceding that when questioned by police, she told

them that she had no idea that the gun was in the room, but explained that she did so because she was pregnant and did not want to get into trouble for something that was not hers. [Ms.] Burgos further acknowledged that she has prior convictions for both forgery and for retail theft.

The Commonwealth called trial counsel, who testified that she had been practicing criminal law in Berks County for more than two decades and that she is familiar with criminal and jury trial practices in the county. Trial counsel continued that after her engagement in this matter, she had extensive discussions with [Appellant] regarding trial strategy and potential witnesses. Trial counsel explained that she believed the most viable witness for the defense at trial was [Ms.] Young, who was the owner of the Property and knew that the gun had belonged to her now-deceased son. Trial counsel stated that [Ms.] Young's testimony provided a tragic, yet essential backstory recounting how her son, on the night of his death, left his gun at the Property.

In preparation for trial with [Appellant], trial counsel recalled that [Appellant] instructed her that he did not want [Ms.] Burgos called as a witness on his behalf. [Appellant] told trial counsel that he wished to shield [Ms.] Burgos from any consequences because [Ms.] Burgos was on supervision at the time and the gun was found in her residence. According to trial counsel, several times during the period prior to trial, [Appellant], in referring to [Ms.] Burgos, said "She's not built for jail."

Though she did not represent [Ms.] Burgos, trial counsel did inform [Appellant] that there would be probable consequences to [Ms.] Burgos because she was under supervision and the gun was found in her room. In explaining her analysis, trial counsel elucidated that the gun having been under the bed in [Ms.] Burgos' room months after the death of the alleged owner of the gun would have [been] difficult to defend if her testimony was presented. Also significant was the fact that, at the time in question, [Ms.] Burgos was pregnant with [Appellant's] fourth child.

Further concerting to trial counsel were [Ms.] Burgos' statements to police following the incident in which she denied knowing that the gun was in the room. Trial counsel expressed concern regarding possible inconsistencies in [Ms.] Burgos' testimony at trial and the impact that may have had on her credibility and the consequences to [Appellant] of her testimony.

Trial counsel described oscillating between calling [Ms.] Burgos as a witness because the cross-examination of [Ms.] Young had not gone as well as expected and because [Ms.] Burgos and [Ms.] Young were having a dispute around the time of trial, which she believed may complicate the strategy. [However, w]hen trial counsel did attempt to call [Ms.] Burgos as a witness at the trial, [she] was not in the hallway.

[Nonetheless], trial counsel remained convinced that [Ms.] Burgos' testimony would not have been helpful to [Appellant], but instead, may have been worse because of the inconsistencies in [Ms.] Burgos' statements, as well as [Ms.] Burgos' *crimen falsi* convictions.

At the conclusion of testimony, [the court] ordered the transcription of the notes of testimony and gave counsel 30 days from the lodging of the notes to file briefs of argument. The Notes were lodged on October 5, 2021. Both counsel filed timely briefs pursuant to the briefing schedule.

PCRA Court Opinion, 1/11/22, at i-v (record citations and unnecessary capitalizations omitted). On January 11, 2022, the court denied Appellant's PCRA petition. Appellant timely appealed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal,[1] Appellant raises a single issue for our review.

[I.] Whether the PCRA court erred in denying Appellant's petition for relief under the [PCRA] where trial counsel was ineffective for failing to call Lidia Burgos as an affirmative defense witness where Ms. Burgos was known or should have been known to the defense, where her proffered testimony was known or should have been known to the defense, where she was available to the defense, where she was willing to testify at trial for the defense, and where Appellant was prejudiced by trial counsel's omission as it deprived

---

[1] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (quoting **Commonwealth v. Rainey**, 928 A.2d 215, 223 (Pa. 2007)).

him of the affirmative presentation of Ms. Burgos's exculpatory information?

Appellant's Brief at 5 (unnecessary capitalization omitted). Essentially, he claims that trial counsel was ineffective for failing to call Ms. Burgos to the stand because her testimony "would have served to reinforce the defense's theory of the case." *Id.* at 14.

When a petitioner asserts an ineffectiveness claim, he is entitled to relief if he pleads and proves that prior counsel rendered ineffective assistance of counsel. 42 Pa.C.S.A. § 9543(a)(2)(ii). "To prevail on an [ineffectiveness] claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice." *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*) (citing *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987)).

Failure to call a witness is not ineffective assistance of counsel *per se*. *Commonwealth v. Cox*, 983 A.2d 666, 693 (Pa. 2009) (citation omitted). The petitioner must prove the following, in addition to meeting the above ineffectiveness prongs, in order to prove that trial counsel was ineffective for failing to call a witness:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the witness's testimony was so prejudicial as to have denied him a fair trial.

*Commonwealth v. Walls*, 993 A.2d 289, 302 (Pa. Super. 2010). "[T]rial counsel will not be found ineffective for failing to call a witness whose testimony would be cumulative." *Commonwealth v. Gibson*, 951 A.2d 1110, 1134 (Pa. 2008) (citation omitted); *see also Commonwealth v. Milligan*, 693 A.2d 1313, 1319 (Pa. Super. 1997) ("[a]s a general rule, counsel will not be deemed ineffective for failing to call witnesses whose testimony is merely cumulative of that of other witnesses").

Instantly, based upon our review of the entire record, we agree with the PCRA court's conclusion that Appellant is not entitled to relief.[2]  His argument that trial counsel was ineffective for failing to call to the stand Ms. Burgos lacks merit.  Had she been called to testify, she would have stated that the gun recovered between the mattress and box spring belonged to Caston, who hid it in the bedroom on the night of his death, approximately two months prior to the parole visit and related search herein.  As the PCRA court determined, Ms. Burgos' "testimony would . . . have added nothing of value to the defense as it would have merely been duplicative of the claims to which [Ms.] Young already had testified."  PCRA Court Opinion, 1/11/22, at vi-vii. Indeed, as detailed earlier, Ms. Young testified at trial that the recovered gun belonged to Caston, her then-deceased son.  In July 2016, approximately two months prior to the home visit, as Caston was preparing to meet some people outside the Property, Ms. Young urged him to leave the gun at the house.

---

[2] Based upon our disposition, we need not decide whether Ms. Burgos was available and willing to testify on the day of trial.

Caston did as his mother requested. Later that evening, he was murdered. Thus, we agree with the PCRA court's conclusion that Ms. Burgos' testimony would have been cumulative. *See* ***Gibson***, and ***Mulligan***, ***supra***. Accordingly, Appellant does not obtain relief.[3]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/13/2022

_____

[3] We acknowledge trial counsel's concern that Ms. Burgos' testimony and credibility would have undermined the strength of Appellant's case. Not only did Ms. Burgos provide statements to police that would have been inconsistent with her proposed trial testimony, but she also had convictions for *crimen falsi*.