J-S08018-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| ERIN NICOLE STOUFFER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COREY LEE STOUFFER | : | |
| | : | |
| Appellant | : | No. 1426 MDA 2023 |

Appeal from the Order Entered September 11, 2023
In the Court of Common Pleas of Franklin County Civil Division at No(s):
2023-02810

BEFORE:   OLSON, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:            **FILED: APRIL 4, 2024**

Corey Lee Stouffer (Appellant) appeals from the final Protection From Abuse (PFA)[1] order entered against him and in favor of Erin Nicole Stouffer (Wife).  We affirm.

On August 31, 2023, Wife filed a PFA petition against Appellant, averring that Appellant previously had "choked and punched [her] to the point [that she] had to get braces" on her teeth.  PFA Petition, 8/31/23, at 6.  Wife also alleged Appellant 1) repeatedly attempted to contact her against her wishes; 2) posted threats on social media; 3) drove by her house, where she lived with her boyfriend; and 4) verbally threatened Wife and her boyfriend.  ***Id.***

_____

[*] Former Justice specially assigned to the Superior Court.

[1] ***See*** Protection From Abuse Act, 23 Pa.C.S.A. §§ 6101-6122.

That same day, the PFA court entered a temporary PFA order and scheduled a hearing. Temporary PFA Order, 8/31/23. The temporary PFA order prohibited Appellant from harassing and threatening Wife, as well as Wife's boyfriend and children (who reside with Wife occasionally). The temporary PFA order also prohibited Appellant from entering Wife's home and property.

A sheriff personally served Appellant with the PFA petition, the temporary PFA order, and the notice of the scheduled PFA hearing. *See* Sheriff's Return of Service, 8/31/23.

The PFA court conducted a hearing on September 11, 2023. Wife appeared *pro se*; Appellant did not appear. During the hearing, Wife detailed multiple instances of Appellant's abuse and threatening behavior. *See* N.T., 9/11/23, at 6-11. Relevant to this appeal, Wife testified as follows:

> [Appellant] has choked me. He is the reason I have braces at 30 years old. He punched me so hard last 4th of July that my tooth got knocked out and I had to get braces.

*Id.* at 9. Wife testified that her orthodontic services cost $5,545.00, and she pays $260.00 per month towards the total bill. *Id.*

At the close of the hearing, the PFA court granted a final PFA order, effective for three years from its issuance. The final PFA order prohibited Appellant from 1) contacting Wife, her boyfriend, or her children; 2) entering Wife's residence or other locations where the protected parties may be found; 3) possessing firearms; and 4) communicating with or about the protected parties on social media. The court also ordered Appellant to pay Wife

- 2 -

$5,545.00, paid in monthly installments, reflecting the cost to repair Wife's teeth.

After two unsuccessful attempts, the sheriff personally served Appellant with notice of the final PFA order on September 28, 2023. *See* Sheriff's Return of Service, 9/29/23. The same date, Appellant filed a *pro se* motion to reconsider, arguing he was unable to attend the hearing because his father was ill. The PFA court denied Appellant's motion.

Appellant filed a timely *pro se* notice of appeal on October 6, 2023. The PFA court directed Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within 21 days.[2] Appellant subsequently retained counsel, who entered his appearance on October 23, 2023. Counsel sought an extension of time to file a Rule 1925(b) concise statement, stating he was concurrently requesting a hearing transcript. The PFA court denied counsel's motion. *See* Order, 10/25/23 (concluding counsel had not demonstrated good cause for an extension of time, where the lack of transcripts resulted from Appellant's failure to request same). Appellant filed a counseled Rule 1925(b) concise statement on October 26, 2023. The PFA court filed an opinion.

Appellant raises the following issues for review:

---

[2] The order was dated October 6, 2023. However, the order was docketed, and the parties were issued notice, on October 9, 2023. Thus, Appellant had to file his Rule 1925(b) concise statement by October 30, 2023.

a) Did the [] PFA court err and commit an abuse of discretion in ordering Appellant to pay [Wife] $5,545.00 for "costs to repair teeth" without a sufficient record demonstrating a nexus between the abuse alleged and the need for orthodontic services, as required by 23 Pa.C.S. § 6108(a)(8), which permits restitution awards only for "reasonable losses suffered as a result of the abuse?"

b) Did the [] PFA court err and commit an abuse of discretion in ordering Appellant to pay [Wife] $5,545.00 for "costs to repair teeth" without documentation in support of the amount awarded as required by 23 Pa.C.S. § 6108(a)(8)?

c) Did  the [] PFA court err and commit an abuse of discretion in ordering Appellant to pay [Wife] $5,545.00 for "costs to repair teeth" without a determination that [Wife] actually paid these costs to  a medical provider when 23 Pa.C.S. § 6108(a)(5) only permits such an award upon such determination, and permits only an order for payment to the medical provider directly if the [Wife] did not actually pay the costs?

d) Did the [] PFA court err and commit an abuse of discretion in [] ordering Appellant to pay $260 per month towards restitution without a determination of his ability to pay?

Appellant's Brief at 4-5 (some capitalization and punctuation modified).[3]

"In the context of a PFA order, we review the trial court's legal conclusions for an error of law or abuse of discretion." ***H.M.H. on Behalf of L.M.H. v. D.J.G.***, 210 A.3d 1045, 1048 (Pa. Super. 2019) (citation omitted).

Because Appellant's first and second claims both relate to the statutory requirements for ordering him to pay for Wife's orthodontic services under 23

---

[3] Wife did not file an appellate brief.

Pa.C.S.A. § 6108(a)(8),[4] we address them together.  First, Appellant claims that the monetary damages permitted under section 6108(a)(8) must be "the result of" abuse,[5] and that nexus must be established by extrinsic evidence. Appellant's Brief at 8.  Appellant asserts Wife did not establish that the abuse caused her need for orthodontic services.  *Id.* at 9.

In his second claim, Appellant contends the PFA court erred by ordering payment to Wife without evidence to support the amount of the award.  *Id.* at 9-10.

Appellant fails to identify any legal authority supporting his assertions. Pa.R.A.P. 2119(a) (providing that the argument shall include "such discussion and citation of authorities as are deemed pertinent."); *see also*

---

[4] Section 6108(a)(8) provides as follows:

**(a) General rule.--**Subject to subsection (a.1), the court may grant any protection order … to bring about a cessation of abuse of the plaintiff ….  The order … may include:

* * *

(8) Directing the defendant to pay the plaintiff for reasonable losses suffered as a result of the abuse, including medical, dental, relocation and moving expenses; counseling; loss of earnings or support; costs of repair or replacement of real or personal property damaged, destroyed or taken by the defendant or at the direction of the defendant; and other out-of-pocket losses for injuries sustained. …

23 Pa.C.S.A. § 6108(a)(8).

[5] Appellant does not contest the PFA court's finding of abuse.

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 781 (Pa. Super. 2015) (*en banc*) (stating that when an appellant cites no authority to support an argument, "this Court is inclined to believe there is none."). By its plain language, section 6108(a)(8) does not require a PFA plaintiff to provide a particular form of documentation supporting a claim for losses suffered. Further, while section 6108(a)(8) requires that losses be "a result of the abuse," Appellant has offered no support for his claim that this nexus could not be established solely by Wife's testimony. Because Appellant did not adequately develop his first two claims, they are waived. *See Lackner v. Glosser*, 892 A.2d 21, 29 (Pa. Super. 2006) (stating that "arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention." (internal citation omitted)).[6]

In his third claim, Appellant cites 23 Pa.C.S.A. § 6108(a)(5)[7] and argues the PFA court erred by ordering him to pay Wife for the cost of orthodontic

---

[6] We additionally note that Wife identified out-of-pocket expenses for braces in her PFA petition. Appellant does not dispute that he received the PFA petition, the temporary PFA order, and notice of the PFA hearing through proper service. Nevertheless, as the PFA court noted, Appellant did not attend the hearing, nor did he inform the court that he was unable to attend until **after** he was served with the final PFA order. *See* PFA Court Opinion, 11/2/23, at 4 n.1.

[7] Section 6108(a)(5) permits a court to grant a protection order

*(Footnote Continued Next Page)*

- 6 -

services without evidence that Wife actually paid those costs to a medical provider. Appellant's Brief at 10. According to Appellant, "if a bill is unpaid, the order is properly for payment to the medical provider directly; if the bill was already paid by the plaintiff to the medical provider, the order is properly for payment to the plaintiff." *Id.*

Beyond a cursory citation to section 6108(a)(5), Appellant fails to develop his claim with citation to relevant legal authority. *See* Pa.R.A.P. 2119(a); *Lackner*, *supra*.

Moreover, as the PFA court aptly explained, sections 6108(a)(5) and (8) "simply have nothing to do with each other[.]" PFA Court Opinion, 11/2/23, at 8. Section 6108(a)(5) concerns imposition of interim financial support, which was not awarded in this matter. Instead, the PFA court ordered

_____

directing the defendant to pay **financial support to those persons the defendant has a duty to support**, requiring the defendant, under sections 4324 (relating to inclusion of medical support) and 4326 (relating to mandatory inclusion of child medical support), to provide health coverage for the minor child and spouse, **directing the defendant to pay all of the unreimbursed medical expenses of a spouse** or minor child of the defendant **to the provider or to the plaintiff when** … **she has paid for the medical treatment**…. The support order shall be temporary, and any beneficiary of the order must file a complaint for support under the provisions of Chapter 43 (relating to support matters generally) and 45 (relating to reciprocal enforcement of support orders) within two weeks of the date of the issuance of the protection order. If a complaint for support is not filed, that portion of the protection order requiring the defendant to pay support is void. …

23 Pa.C.S.A. § 6108(a)(5) (emphasis added).

payment of "reasonable losses suffered as a result of the abuse" under section 6108(a)(8). The plain language of section 6108(a)(8) directs payment to the plaintiff and does not require a plaintiff to establish proof of payment to the medical provider. Accordingly, Appellant is not entitled to relief on this claim.

In his fourth claim, Appellant asserts the PFA court erred by ordering him to pay monthly installments of $260.00 absent a determination of his ability to pay. Appellant's Brief at 11-12.

Section 6108(a)(8) does not require a court to consider a defendant's ability to pay before ordering payment of a plaintiff's reasonable losses. Our review of the PFA Act in its entirety likewise reveals no affirmative requirement for a court to conduct an ability-to-pay inquiry before imposing monetary relief under section 6108(a)(8). Instead, section 6120 governs a defendant's **inability** to pay:

> **(a) Order for installment payments.--Upon** plea and **proof that a person is without the financial means to pay** a fine, a fee, **economic relief ordered under section 6108(a)(8) (relating to relief)** or a cost, a court may order payment of money owed in installments appropriate to the circumstances of the person and shall fix the amounts, times and manner of payment.

23 Pa.C.S.A. § 6120(a) (emphasis added). Contrary to Appellant's argument, the PFA Act places the burden on a defendant to prove inability to pay the ordered economic relief. Appellant failed to offer any proof he is unable to pay the economic relief ordered under section 6108(a)(8). Thus, Appellant's final claim lacks merit.

Based upon the foregoing, we affirm the order entering a final PFA order in Wife's favor.

Order affirmed.

P.J.E Stevens joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/04/2024