J-S45045-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                     :            PENNSYLVANIA
                                                     :

v.                                       :

DANIEL DAVID MORRIS            :

                  Appellant         :    No. 898 MDA 2024

Appeal from the PCRA Order Entered May 29, 2024
In the Court of Common Pleas of Montour County
Criminal Division at No(s): CP-47-CR-0000128-2016

BEFORE:    STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:         **FILED: MARCH 27, 2026**

Daniel David Morris appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Morris exclusively contends, through the lens of ineffective assistance of counsel, that the PCRA court erred in finding that he did not notify his trial counsel about a witness who would have allegedly provided evidence about his mental health history, including his suicidal ideations, to defeat other evidence showing his consciousness of guilt. We affirm.

By way of background, a jury found Morris guilty of rape by forcible compulsion, statutory sexual assault, sexual assault, and indecent assault.[1]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3121(a)(1), 3122.1(b), 3124.1, and 3126(a)(1), respectively.

The court sentenced him to an aggregate term of eleven to twenty-two years of incarceration.

Although Morris does not contest any of the facts specifically underpinning his convictions, we briefly note that he engaged in indecent contact and vaginal intercourse with a then-thirteen-year-old victim under the apparent ruse of "wrestling." *See* Trial Court Opinion, 5/28/24, at 2. Morris and the victim shared a basement and "had wrestled on many past occasions." *Id.* Nevertheless, the thrust of Morris' defense at trial was that his "DNA was not found the next day after a 'rape kit' examination was administered to the [v]ictim despite the [v]ictim's testimony that she had not showered the night before and that [Morris] ejaculated inside her vagina and did not use a condom." *Id.* at 3.[2]

Trooper Bradley Rishel testified at Morris' trial, the content of which delved into Morris' suicide attempt three days after the rape incident. Said testimony was offered as evidence of consciousness of Morris' guilt, given the correspondingly-admitted suicide note given to his then-girlfriend. Ultimately, the jury found Morris guilty of the above-mentioned offenses.

Morris did not file a direct appeal following sentencing. Nevertheless, he filed a timely PCRA petition, which alleged, *inter alia*, that trial counsel "was ineffective for failing to elicit that Morris' suicide attempt had no relation to

---

[2] However, as Morris highlights, the rape kit examination uncovered "the presence of semen[, not attributable to him,] inside [the victim's] vagina." Appellant's Brief at 5.

this case[.]" PCRA Petition, 1/18/24, at 9. Germane to the present appeal, Morris identified that Terry Sims[3] "would have testified about Morris' history of suicide attempts" and was "familiar with Morris' history of depression and suicide attempts." *Id.* ¶ 10. Ultimately, following a hearing in which his trial counsel testified, the PCRA court denied Morris relief and dismissed his petition.[4]

Morris presents a single issue for our review: "was the PCRA court's factual finding that he did not tell his trial counsel about a particular witness supported by the record?" Appellant's Brief at 4.

"Our standard of review for an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error." *Commonwealth v. Phillips*, 31 A.3d

---

[3] There is ambiguity in the record as to whether the proper spelling of this person's name is "Sims" or "Simms," with the PCRA petition referring to this person by the latter, but the trial court and Morris' brief utilizing the former version.

[4] This Court, on June 23, 2025, permitted the attorney who filed Morris' present brief, Todd M. Mosser, Esquire, to withdraw as counsel. Thereafter, an attorney from the Montour County Public Defender's Office was appointed as Morris' counsel. However, on September 30, 2025, this second attorney filed a *praecipe* for withdrawal of appearance. His current counsel, Hank J. Clarke, Esquire, entered his appearance on October 16, 2025. Although we, on October 31, 2025, directed Attorney Clarke to notify this Court within thirty days whether he would be relying on Attorney Mosser's brief or whether that brief should be stricken, allowing for the filing of a new brief, Attorney Clarke did not respond. Therefore, in accordance with the order, "the appeal will proceed with [Morris'] February 4, 2025 brief." Order, 10/31/25. We note our displeasure in the lack of communication from Attorney Clarke.

317, 319 (Pa. Super. 2011). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Id.***

Morris claims that he received ineffective assistance of counsel, which is an enumerated basis rendering him eligible for relief under the PCRA. ***See*** 42 Pa.C.S. § 9543(a)(2)(ii). Accordingly, we start by noting that the standard test for ineffective assistance of counsel is the same under both the United States and Pennsylvania Constitutions. ***See Strickland v. Washington***, 466 U.S. 668, 687-88 (1984); ***Commonwealth v. Kimball***, 724 A.2d 326, 330-32 (Pa. 1999). The appellant must demonstrate: (1) his underlying claim is of arguable merit; (2) the course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, he was prejudiced such that there is a reasonable probability that the outcome of the proceedings would have been different if not for counsel's action or inaction. ***See Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citation omitted). A failure to satisfy any prong of the test for ineffectiveness requires rejection of the claim. ***See id.*** at 1044 (citation omitted). "[B]oilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective." ***Id.*** at 1044. (citation omitted).

Morris' argument is limited to eight sentences and maintains that Sims "was consistently contacted by [Morris] about his multiple past suicide attempts[] or his desire to commit suicide" and that she also indicated she "would testify for him at trial." Appellant's Brief at 9. In addition, he notes that

- 4 -

Sims picked him up "from the hospital after the suicide attempt presented at trial." *Id.* Accordingly, to Morris, it was unreasonable for the court to infer that he, a person "who testified at length about his mental and physical ailments, would not have informed trial counsel of [] Sims, particularly if counsel [was] discussing [his] mental health history with him and at least one other witness." *Id.* at 10.

At the PCRA hearing, trial counsel unequivocally testified that he was never told about Terry Sims. *See* N.T. PCRA Hearing, 4/8/24, at 48. Likewise, Sims testified that she had never spoken to trial counsel. *See id.* at 72. Therefore, distilled down, this contention as to trial counsel's awareness of a potential source of exculpatory testimony becomes nothing more than a credibility determination. The trial court "accepted as credible" trial counsel's testimony and "rejected as incredible" Morris' testimony. *See* Trial Court Opinion, 5/28/24, at 9.

As, on PCRA review, we must view the evidence in the record in the light most favorable to the prevailing party and, in addition, we are obligated to defer to the PCRA court's factual findings and credibility determinations that are supported by the record, *see, e.g.*, *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015) (*en banc*), there can be no attack on counsel's "course of conduct" when he was found to have been wholly unaware of the existence of Sims and with no reason to know of his existence. Therefore, because Morris failed to establish at least one of the three prongs necessary for a demonstration of ineffective assistance of

counsel, we find that the PCRA court did not err by denying Morris relief and affirm the order dismissing his PCRA petition. ***See Commonwealth v. Bryant***, 855 A.2d 726, 746 (Pa. 2004) (to prevail on a claim that trial counsel was ineffective for failing to present a witness, a PCRA petitioner must demonstrate, *inter alia*, that counsel was either aware of or should have been aware of the witness' existence).

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 03/27/2026